Benjamin K. Riley (CA Bar No. 112007)
rileyb@howrey.com
Emily L. Maxwell (CA Bar No. 185646)
maxwelle@howrey.com
Seth B. Herring (CA Bar No. 253907)
herrings@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: 415.848.4900
Facsimile: 415.848.4999

Kerry L. Bundy (MN Bar No. 266917)
kbundy@faegre.com
Aaron Van Oort (MN Bar No. 315539)
avanoort@faegre.com
Eileen M. Hunter (MN Bar No. 336336)
ehunter@haegre.com
Christopher J. Diedrich (MN Bar No. 0389442)
cdiedrich@faegre.com
FAEGRE & BENSON, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612.766.7000
Facsimile: 612.766.1600

Attorneys for Defendants
JANI-KING OF CALIFORNIA, INC., JANI-KING, INC.,
and JANI-KING INTERNATIONAL, INC.

**E-filing**

ORIGINAL FILED

JUL 30 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**SC**

**CV 09 3495**

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation, JANI-KING, INC., a Texas corporation, JANI-KING INTERNATIONAL, INC., a Texas corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1446, 1453**<br><br>*(Removed from Alameda County Superior Court – State of California, Case No. RG 09459008)* |

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1446, 1453
DM_US:22295559_1

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1446, 1453, defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively, the "Removing Defendants") hereby remove to this Court the state court action described in paragraph 1 below.

### THE REMOVED CASE

1. The removed case is a putative class action entitled *Alejandro Juarez et al. v. Jani-King of California, Inc. et al.* that was commenced by service on the Removing Defendants on June 30, 2009. (*See* Exh. A.) The Complaint was captioned in the Superior Court of the State of California in and for the County of Alameda (Unlimited Jurisdiction) and was filed with that court on June 22, 2009.

### PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon the Removing Defendants in the removed case.

### CONSENTS TO REMOVAL

3. Although the consent of all defendants is not required for removal under 28 U.S.C. § 1453(b), all of the named defendants do in fact join in this removal petition.

### THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

### THE REMOVAL IS TIMELY

5. 28 U.S.C. § 1446(b) provides in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

6. This Notice of Removal satisfies the timing requirements of § 1446(b) because Removing Defendants have filed this Notice of Removal within 30 days of having been served with Plaintiffs' Complaint on June 30, 2009.

**THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1332(d)(2)**

7. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005) and is one that may be removed to this Court under 28 U.S.C. §§ 1446, 1453. Section 1332(d)(2)(A) provides in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of class of plaintiffs is a citizen of a State different from any defendant . . . .

28 U.S.C. § 1332(d)(2)(A).

8. This action is a "class action" within the meaning of § 1332(d)(2)(A) because it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. The amount in controversy in this case, measured by aggregating the claims of the individual class members under 28 U.S.C. § 1332(d)(6), exceeds the required sum of $5,000,000, exclusive of interest and costs. Plaintiffs seek recovery of compensatory damages, punitive damages, restitution, penalties, and statutory attorney's fees and expenses. *See* Compl. ¶¶ 4, 110, 112. Specifically, Plaintiffs seek damages to compensate for alleged losses related to "past and future loss of earnings, expenditures made in preparation and performance of their side of the franchise contract, interest on loans and other economic losses." (*See* ¶¶ 117, 126, 135, 144.) Plaintiffs also seek emotional distress damages (¶¶ 118, 128, 137, 146) and damages resulting from alleged breaches of contract, including loss of earnings promised under the contract, interest on loans, expenses for cleaning supplies, and transportation costs (¶ 151). Plaintiffs further seek

1  overtime pay plus interest (¶159); compensation for minimum wages allegedly not paid (¶163);
2  liquidated damages for minimum wages allegedly not paid (¶164); up to $4,000 per putative class
3  member under California Labor Code §226(e) (¶168); work-related expenses allegedly paid and
4  not reimbursed (¶171); up to $1,000 per putative class member under California Labor Code §
5  2810(g) (¶178); actual and statutory damages related to allegedly unlawful deductions for various
6  fees (¶181); actual and statutory damages related to putative class members' purchase of
7  insurance, cleaning equipment and supplies (¶186); and money putative class members invested in
8  franchises (¶192). In addition, plaintiffs seek attorney's fees and the costs of suit as allowed under
9  California Labor Code § 1194. (*See, e.g.*, Compl. ¶¶159, 163, 168.)

      10. Collectively, the amount sought by plaintiffs exceeds $5,000,000.

      a. Plaintiffs have defined the putative class to include individuals "who have purchased or will purchase Jani-King franchises and have performed or will perform janitorial and cleaning work for Jani-King within the State of California at any time" from June 22, 2005 through the present. (Compl. ¶12.)

      b. Between June 22, 2005 and July 28, 2009, the entities or individuals who purchased franchises in the State of California collectively invested $3,914,410.62 in down-payments for their franchises. (Affidavit of John Allen ("Allen Aff.") at ¶6 (attached hereto).)

      c. Plaintiffs allege Jani-King has made "unlawful deductions" from their wages and the wages of the putative class members for "royalty fees, accounting fees, finder's fees, complaint fees, miscellaneous fees, advertising fees, administrative fees, charge backs, and charge back protection fees." (Compl. ¶181.)

      d. Between June 22, 2005 and July 28, 2009, numerous Jani-King franchisees accepted offers of business and performed cleaning services in the State of California. (*See* Allen Aff. Exh. 2 (listing franchisees who paid royalty fees as part of accepting offers of business and performing cleaning services during relevant time period).)

      e. The franchisees who accepted offers of business and performed cleaning services in the State of California between June 22, 2005 and July 28, 2009 cumulatively

paid $15,500,925.01 in royalty fees from July 1, 2005 through July 28, 2009. (Allen Aff. at ¶8.)

  f. Cumulatively, when the total amount of the putative class members' franchise investment during the class period defined in the Complaint is added to the royalty fees paid during that period, the sum is over $19 million. Plaintiffs' Complaint puts this amount in controversy and therefore satisfies the $5,000,000 amount in controversy required by 28 U.S.C. § 1332(d)(6).

  g. Plaintiffs have also alleged that they are entitled to accounting fees, finder's fees, complaint fees, miscellaneous fees, advertising fees, administrative fees, charge backs, and charge back protection fees." (Compl. ¶181.) The cumulative amount of these fees is significant, but is not detailed by Defendants here because the amount of royalty fees and initial down-payments significantly exceeds the jurisdictional minimum.

11. The parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The Complaint alleges that numerous named plaintiffs are citizens of the state of California (Compl. ¶¶8-11) and defendant Jani-King International, Inc. is a Texas corporation with its principal place of business in Texas. (Compl. ¶15.)

## PLAINTIFFS CANNOT PROVE ANY OF THE EXCEPTIONS TO JURISDICTION UNDER 28 U.S.C. § 1332(d)

12. Because the Removing Defendants have established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiffs to prove one of the exceptions to jurisdiction under § 1332(d)(3), (4).

13. Under § 1332(d)(3), a court may decline to exercise jurisdiction if, among other requirements, "the primary defendants are citizens of the State in which the action was originally filed." But here, two of the primary defendants, Jani-King International, Inc. and Jani-King, Inc. are citizens of the state of Texas. Section 1332(d)(3) is therefore inapplicable. (*See* Compl. ¶15.)

14. Similarly, under § 1332(d)(4)(B), a court must decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and the*

*primary defendants*, are citizens of the State in which the action was originally filed." (Emphasis added.) But because two of the primary defendants, Jani-King International, Inc. and Jani-King, Inc. are citizens of the state of Texas, § 1332(d)(4)(B) is inapplicable. (*See* Compl. ¶¶14-15.)

15.  Finally, under § 1332(d)(4)(A), a court must decline to exercise jurisdiction if, among other requirements, "during the three-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." § 1332(d)(4)(A)(ii). As set forth below, however, three other putative class actions have been filed in the past three years that meet this definition. The three cases are presently pending in federal court in Massachusetts, Pennsylvania, and Minnesota. Defense counsel in the case at hand also is counsel in each of these actions.

   a.  On January 22, 2007, a putative class action was filed in the United States District Court for the District of Massachusetts against Jani-King International, Inc., one of the defendants in this case, asserting the same or similar factual allegations. On April 16, 2009 an Amended Complaint was filed and is attached hereto as Exhibit B. The Massachusetts action makes the same or similar factual allegations that the Plaintiffs make in this case, including that: Defendants sell franchises knowing they do not have sufficient business to satisfy obligations to franchisees (Compl. ¶¶2, 24, Ex. B ¶¶19-20); Defendants treat franchisees as independent contractors in violation of labor law statutes (Compl. ¶¶ 2, 48-62, Ex. B ¶¶34-45); Defendants make untrue or misleading misstatements or omit material information when marketing franchises to induce franchisees to purchase (Compl. ¶21, Ex. B ¶14); Defendants intentionally target individuals with limited fluency in English and / or limited formal education (Compl. ¶¶22, 30 Ex. B ¶12); Defendants underbid accounts (Compl. ¶¶25, 42, Ex. B ¶33); Defendants franchise contracts are non-negotiable adhesion contracts (Compl. ¶28, Ex. B ¶¶10-13); Defendants charge excessive fees (Compl. ¶38, Ex. B ¶32); Defendants have promised a guaranteed monthly income that they do not actually provide (Compl. ¶41, Ex. B ¶¶16-17); Defendants misrepresent the amount of time necessary to clean accounts offered (Compl. ¶43, Ex. B ¶22); Defendants take accounts away without warning and without justification with no opportunity to cure

or challenge alleged deficiencies (Compl. ¶44, Ex. B ¶26); and Defendants offer the opportunity to service accounts without sufficient time for the franchisee to examine the account (Compl. ¶46, Ex. B ¶24).

      b.    On July 14, 2008, a putative class action was filed in Minnesota in state court against Jani-King International, Inc., one of the defendants in this case, asserting the same or similar factual allegations. The defendants in that action removed the case to the United States District Court for the District of Minnesota on August 18, 2008. The Honorable Ann D. Montgomery, District Court Judge for the District of Minnesota, denied plaintiffs' motion to remand, holding the home-state controversy under 28 U.S.C. 1332(d)(4)(B) did not apply and federal jurisdiction was therefore proper. *See Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1109 (D. Minn. 2009). On February 20, 2009, an Amended Complaint was filed, a copy of which is attached hereto as Exhibit C. The Minnesota action makes the same or similar factual allegations that the Plaintiffs make in this case, including that: Defendants sell franchises knowing they do not have sufficient business to satisfy obligations to franchisees (Compl. ¶¶2, 24, Ex. C ¶49); Defendants make untrue or misleading misstatements or omit material information when marketing franchises to induce franchisees to purchase (Compl. ¶21, Ex. C ¶¶52-53); Defendants intentionally target individuals with limited fluency in English and / or limited formal education (Compl. ¶¶22, 30 Ex. C ¶¶57-59); Defendants underbid accounts (Compl. ¶¶25, 42, Ex. C ¶51); Defendants franchise contracts are non-negotiable adhesion contracts (Compl. ¶28, Ex. C ¶56); Defendants charge excessive fees (Compl. ¶38, Ex. C ¶¶167-69); Defendants have promised a guaranteed monthly income that they do not actually provide (Compl. ¶41, Ex. C ¶62); Defendants misrepresent the amount of time necessary to clean accounts offered (Compl. ¶43, Ex. C ¶64); Defendants take accounts away without warning and without justification with no opportunity to cure or challenge alleged deficiencies (Compl. ¶44, Ex.C ¶71); Defendants treat franchisees more like employees than franchisees (Compl. ¶¶2, 48-62, Ex. C ¶79); and Defendants offer the opportunity to

service accounts without sufficient time for the franchisee to examine the account (Compl. ¶46, Ex. C ¶68).

        c.    On March 20, 2009, a putative class action was filed in Pennsylvania in state court against Jani-King International, Inc., one of the defendants in this case, asserting the same or similar factual allegations. The Complaint in the Pennsylvania action is attached hereto as Exhibit D. Defendants in that action removed the case to the United States District Court for the District of Eastern Pennsylvania. Plaintiffs' motion to remand is currently pending. The Pennsylvania action makes the same or similar factual allegations that the Plaintiffs make in this case, including that: Defendants treat franchisees as independent contractors in violation of labor law statutes (Compl. ¶¶2, 48-62, Ex. D ¶¶24-29); Defendants underbid accounts (Compl. ¶¶25, 42, Ex. D ¶71(a)); Defendants franchise contracts are non-negotiable adhesion contracts (Compl. ¶28, Ex. D ¶71); Defendants charge excessive fees (Compl. ¶38, Ex. D ¶72(h)); Defendants misrepresent the amount of time necessary to clean accounts offered (Compl. ¶43, Ex. D ¶72(a)); Defendants take accounts away without warning and without justification with no opportunity to cure or challenge alleged deficiencies (Compl. ¶44, Ex. D ¶73(d)); and Defendants offer the opportunity to service accounts without sufficient time for the franchisee to examine the account (Compl. ¶46, Ex. D ¶73(a)).

    16.    Because the Massachusetts, Pennsylvania, and Minnesota actions exist and allege the same or similar factual allegations against Jani-King, International, Inc.—one of the defendants—on behalf of Jani-King franchisees, the exception to jurisdiction in § 1332(d)(4)(A) does not apply.

    17.    This Court retains jurisdiction under 28 U.S.C. § 1332(d)(2) because the primary defendants in this action are not States, State officials, or government entities as required by § 1332(d)(5)(A). Also, the number of members of the proposed plaintiff class exceeds 100, as required by § 1332(d)(5)(B). (*See* Allen Aff. Exh. B (listing franchisees who paid royalty fees as part of accepting offers of business and performing cleaning services between June 22, 2005 and July 28, 2009).)

## FILING OF REMOVAL PAPERS

18. As 28 U.S.C. § 1446(d) requires, written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Superior Court of the State of California in and for the County of Alameda. A true and correct copy of this Notice is attached hereto as Exhibit E.

## CONCLUSION

WHEREFORE, defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. respectfully request that the above-captioned action be removed from the Superior Court of the State of California in and for the County of Alameda to the United States District Court, Northern District of California, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated: July 29, 2009

HOWREY LLP

By: _____/SBH
Emily Maxwell

Attorneys for Defendants
JANI-KING OF CALIFORNIA, INC., JANI-KING, INC. and JANI-KING INTERNATIONAL, INC.