UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation, JANI-KING, INC., a Texas corporation, JANI-KING INTERNATIONAL, INC., a Texas corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 09-3495 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

This putative class action involves the franchise practices, including the recruitment, classification, and treatment of franchisees, of Defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively, "Jani-King"). Plaintiffs Alejandro and Maria Juarez ("the Juarezes"), Luis Romero ("Romero") and Maria Portillo ("Portillo," or collectively, "Plaintiffs") filed a Complaint in California State Court, which Jani-King thereafter removed to this Court. Notice of Removal, Docket No. 1, Ex. 1 ("Compl."). Jani-King has now moved to dismiss Plaintiffs' fraud- and contract-based causes of action. Motion to Dismiss and to Strike ("Motion"), Docket No.

1  8. Plaintiffs have filed an Opposition, Docket No. 23, and Jani-
2  King filed a Reply, Docket No. 24. For the reasons stated below,
3  the Motion is hereby GRANTED.

## II. **BACKGROUND**

Jani-King provides cleaning and janitorial services to commercial clients internationally as well as within the state of California. Compl. ¶ 16. Its business model involves selling franchises to individuals, who then perform cleaning and other janitorial work for Jani-King's clients. Id. ¶ 20. These franchisees purchase their franchises from Jani-King through a standard form contract. Id.

Plaintiffs are each individuals who have purchased a Jani-King franchise at some point in the last five years. Id. ¶¶ 9-11. Plaintiffs are alleging that these franchises are both sold and managed through fraudulent and illegal practices. Id. ¶ 21. For example, Plaintiffs allege that Jani-King targets purchasers with limited fluency in English and limited formal education, imposes unconscionable contract terms, and effectively treats its franchisees as employees while misclassifying them as franchisees to avoid certain obligations. Id. ¶¶ 22, 31, 48.

The Motion now before the Court focuses on the sufficiency of the Complaint with respect to allegations related to Jani-King's practices involving the recruitment of franchisees and the sale of franchises. See Mot. at 1. Plaintiffs allege that Jani-King sold them their franchises through fraud. In particular, Plaintiffs allege that Jani-King represented that: (1) it would guarantee a

2

certain amount of income to franchisees; (2) it would provide support and training for franchisees; and (3) the franchisees would be independent contractors, when in fact they were employees entitled to the protection of California's employment labor laws. Id. ¶¶ 122, 140. In addition, Plaintiffs allege that Jani-King failed to disclose material facts to would-be franchisees, including that: (1) it would not and does not fulfill its promises to provide a guaranteed amount of income; (2) it chronically underbids its cleaning contracts with commercial clients, such that franchisees would be unable to meet their guaranteed incomes; and (3) it does not have sufficient commercial contracts to provide franchisees with work sufficient to make a living wage. Id. ¶ 131.

Plaintiffs describe a detailed scheme, whereby Jani-King promises its franchisees a guaranteed monthly income, but never risks fulfilling these guarantees. According to Plaintiffs, Jani-King promises prospective franchisees that they will be able to earn an income in the neighborhood of $2,000 to $3,000 per month. Id. ¶¶ 64, 77, 89. Jani-King promises to provide the prospective franchisees with sufficient work to meet these income targets, and further promises to refund a portion of the money that the franchisees paid if insufficient work is provided, or in some cases, to cover the income shortfall. Id. ¶¶ 47, 94. According to Plaintiffs, Jani-King does not actually have sufficient business to allow all of their franchisees to reach their income goals. Id. ¶¶ 23-24. It is allegedly aware of this deficiency at the time that it enters into franchise contracts, but it does not

3

tell this to the franchisees. Id. ¶ 24. In spite of this shortage, Jani-King does not have to reimburse its franchisees, because each month it uses a series of unfair practices to offer its franchisees work that it knows they cannot reasonably accept, but which nonetheless allows it to offer the contractual minimum volume of work. For example, Jani-King may offer its franchisees accounts that were underbid and cannot be profitably completed. Id. ¶ 42. Alternatively, Jani-King routinely offers accounts to its franchisees without providing sufficient time to accept. Id. ¶ 46. Jani-King also allegedly takes jobs from its franchisees on the basis of pretense, thereby allowing Jani-King to recirculate its accounts between franchisees and meet its monthly minimums. Id. ¶ 44.

Plaintiffs ultimately contend that, because of the variety of unfair or fraudulent practices alleged in the Complaint, they were unable to maintain living wages throughout their association with Jani-King. Id. ¶ 56. Plaintiffs brought this suit alleging violations of various portions of the California Corporations Code, intentional misrepresentation, concealment, negligent misrepresentation, breach of contract, various violations of the California Labor Code, and violation of section 17200 et seq. of the Business and Professions Code ("§ 17200"). Compl. ¶¶ 105-194. Jani-King now moves to dismiss all causes of actions related to fraud,[1] Plaintiffs' contract claim,[2] and Plaintiffs' claim under

---

[1] This includes Plaintiffs' first two causes of action for violations of the California Corporations Code sections 31201-02, third cause of action for intentional misrepresentation, fourth cause of action for concealment, fifth cause of action for

4

California Labor Code section 2810.[3] All other claims are not challenged in this Motion and are not affected by this Order.

### III. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

Rule 8(a)(2) of the Federal Rules of Civil Procedure require

---

negligent misrepresentation, and fourteenth cause of action for violations of § 17200. Mot. at 2.

[2] This includes only Plaintiffs' fifth cause of action.

[3] This includes only Plaintiffs' eleventh cause of action.

**United States District Court**
For the Northern District of California

only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." However, where fraud is asserted, the plaintiff must plead the claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004). Such claims "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Plaintiffs must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted). A plaintiff satisfies the particularity requirement if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Semegen v. Weidner, 780 F.2d 727, 735 (9th Cir. 1985)(citations omitted). In particular, the circumstances described "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted).

This heightened pleading standard serves several different purposes:

> Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect

6

> [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

Id., 236 F.3d at 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) (brackets in Bly-Magee).

**IV. DISCUSSION**

    **A. Plaintiffs' Fraud Claims**

        **1. Which Claims Constitute Fraud Claims**

The parties disagree as to which of Plaintiffs' claims sound in fraud, and therefore which claims must be subject to the heightened pleading standards of Rule 9(b). Plaintiffs do not contest that their third, fourth, and fifth causes of action (for intentional misrepresentation, concealment, and negligent misrepresentation, respectively), as well as a portion of their § 17200 claim, all make out claims for fraud and must be evaluated according to the requirements of Rule 9(b). Opp'n at 12. However they contest whether their first two causes of action, for violations of sections 31201-02 of the California Corporations Code, implicate this standard. Id. at 9-10. Jani-King contends that these first two causes of action are "grounded in the same allegations of fraud as the rest of the fraud claims," and therefore subject to Rule 9(b). Mot. at 10.

Rule 9(b) is implicated whenever a plaintiff is "alleging fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit recently discussed the application of Rule 9(b) to state-law

7

claims that do not necessarily implicate or require allegations of fraud. In <u>Kearns v. Ford Motor Company</u>, the panel stated:

> A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b).

567 F.3d 1120, 1125 (9th Cir. 2009) (citing <u>Vess</u>, 317 F.3d at 1103-04). In addition, "[w]here fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard." <u>Id.</u> at 1124. Courts must look to state law to determine whether elements of fraud have been pleaded.[4] <u>Id.</u> at 1126.

The Court finds that Plaintiffs have pled their first two causes of action so as to sound in fraud. Both of these causes of action involve allegations that Jani-King and its agents made untrue and misleading statements, willfully or maliciously, to induce reliance such that Plaintiffs would purchase Jani-King franchises. Compl. ¶¶ 107, 112, 115. These are classic allegations of fraud. Regardless of whether plaintiffs in other contexts may plead violations of these state-law provisions without resting their allegations upon theories of fraud, Plaintiffs here have plead fraud. As alleged, these claims must

---

[4] The elements of fraud under California law include: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Engalla v. Permanente Med. Group, Inc.</u>, 15 Cal. 4th 951, 974 (1997) (internal quotation marks omitted).

8

be evaluated pursuant to Rule 9(b).

Plaintiffs also claim that, with respect to their § 17200 claim, only those allegations sounding in fraud must be evaluated under Rule 9(b). Plaintiffs may state a claim under California's Unfair Competition Law by showing that Jani-King's practices were "unfair" or "unlawful" or "fraudulent." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) ("Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition . . . ."). The Court finds that this cause of action rests upon theories besides and in addition to fraud. Plaintiffs allege that Jani-King's franchise contract terms and practices are unconscionable, that Jani-King violates various provisions of the California Labor Code, and that Jani-King mischaracterizes its employees as franchisees. Compl. ¶¶ 189-91. These allegations are not based on fraud.[5] Only Plaintiffs' § 17200 allegations based on fraud, Compl. ¶¶ 189(a)-(c), must be evaluated according to Rule 9(b).

### 2. Whether Plaintiffs Have Plead Fraud With Sufficient Particularity

Jani-King correctly points out that the Complaint is filled with conclusory statements that are not supported by adequate allegations as to the time, place, and substance of Jani-King's alleged misrepresentations. The Complaint generally does not

---

[5] Notably, these issues have not been briefed by either party and are apparently outside the scope of Jani-King's Motion. The Court's discussion below should therefore be read to implicate only the allegations supporting Plaintiff's § 17200 claim that sound in fraud.

9

identify "the who, what, when, where, and how" of the alleged fraud. Vess, 317 F.3d at 1106. For example, Plaintiffs allege that Jani-King represented that it would "provide support and training to franchisees," but it never claims how or when these representations were made, nor does it explain why they were false in light of other allegations that individual Plaintiffs attended mandatary training sessions. Compl. ¶¶ 54-55, 68, 77, 81, 92, 122, 140. The Complaint is, by and large, very sparse when it comes to identifying particular communications and misrepresentations between Jani-King's representatives and the Plaintiffs. Plaintiffs cannot overcome the pleading requirements of Rule 9(b) by relying on conclusory allegations of a "scheme" without adequately alleging precise and detailed factual support for their claims. To allow Plaintiffs to do otherwise would undermine the rationale for Rule 9(b) that goes beyond providing notice to the defendant. See Kearns, 567 F.3d at 1125 (citing reputational and cost concerns in addition to notice requirements).

The Complaint does come close to identifying a series of misrepresentations that, if described with slightly more particularity, could state a claim under Rule 9(b). The Complaint recounts, once for each Plaintiff, a particular meeting with a Jani-King representative in which the representative specifically guaranteed a certain income should Plaintiffs enter into a franchise contract with Jani-King. Compl. ¶¶ 64, 77, 89. According to the Complaint, these were not merely estimations of future profit, but guarantees whereby Jani-King would either

10

1 refund a portion of the money that they paid, or would pay the
2 franchisee for the shortfall, if the franchisee did not receive
3 enough work to make the guaranteed amount. Id. ¶¶ 47, 89. Jani-
4 King representatives allegedly made these representations even
5 though Jani-King knew that it did not have sufficient business to
6 provide enough work to each franchisee -- and Jani-King never
7 intended to make good on its guarantees because it knew that it
8 could engage in the practices of underbidding, misrepresenting
9 hours, and taking accounts from its franchisees on pretense, as
10 described in the Complaint, id. ¶¶ 23, 42-46.

11 Although this theory comes close to stating a claim under
12 Rule 9(b), it suffers from two flaws. First, it does not allege
13 the actual misrepresentations with sufficient particularity. The
14 Complaint is inconsistent with regard to the details of the
15 meetings, and no single meeting is described in terms of both its
16 time and location.[6] Plaintiffs do not identify a single Jani-King
17 representative by name, and they provide no additional information
18 that might aid Jani-King in identifying which representatives made
19 these claims to Plaintiffs.[7] Given the vague descriptions of the

---

[6] For example, the Juarezes met with a Jani-King representative on or about May 21, 2005, but it is not clear where this meeting took place. Compl. ¶ 64-65. On the other hand, Romero met with a representative at a Jani-King office one week after he made a phone call to the San Francisco/Oakland office in January of 2008. Id. ¶¶ 76-77. All that is described of Maria Portillo's meeting is that it took place on or about March of 2005. Id. ¶ 89.

[7] Plaintiffs alleging fraud need not always specifically identify every individual who made particular misrepresentations, see Charpentier v. Los Angeles Rams Football Co., 75 Cal. App. 4d 301, 312 (Ct. App. 1999), but Plaintiffs must at least provide sufficient detail to lend their claims some credibility. Providing

11

1 meetings, the fact that Plaintiffs were present at the meetings,
2 and the voluminous contact between Jani-King and its franchisees
3 that Plaintiffs allege, there is no reason to conclude that Jani-
4 King would be in a better position than Plaintiffs to provide the
5 details of these misrepresentations.  See Tarmann v. State Farm
6 Mutual Auto Ins. Co., 2 Cal. App. 4th 153, 158 (Ct. App. 1991)
7 (acknowledging that specificity requirement may be relaxed where
8 defendants necessarily know more about circumstance of fraud than
9 plaintiff, but holding exception inapplicable where defendant "has
10 no more reason to know who made the allegedly false
11 representations to" plaintiff than plaintiff).  Plaintiff must
12 provide more particularized detail.

13 　　　In addition, Plaintiffs must provide a particularized account
14 of why the statements -- the income guarantees -- were false when
15 they were made.  Claims of fraud generally must be based upon a
16 misrepresentation of past or existing material fact.  See Glen
17 Holly Entm't, Inc., 100 F. Supp 2d 1086, 1093 (C.D. Cal. 1999).
18 "Certain broken promises of future conduct may, however, be
19 actionable."  Tarmann, 2 Cal. App. 4th at 158-59.  "To maintain an
20 action for deceit based on a false promise," a plaintiff must
21 "specifically allege . . . that the promisor did not intend to
22 perform at the time he or she made the promise and that it was
23 intended to deceive or induce the promisee to do or not do a
24 particular thing."  Id. at 159.

25 　　　The Complaint now alleges that Jani-King made income

---

information sufficient to identify particular meetings and
individuals could of course go a long way in doing so.

12

1 guarantees even though it knew that it did not have enough
2 business to satisfy them. Compl. ¶¶ 23, 47. However, it does not
3 specifically allege that it had not intended to make good on its
4 commitments at the time they were made. This might be an
5 inference that the Court could draw in favor of Plaintiffs, based
6 upon a prolonged scheme to meet its obligations to its franchisees
7 by offering them unreasonable accounts. Id. ¶¶ 42-46. However,
8 the circumstances of the alleged scheme have been described only
9 generally, and not with particularity that is sufficient to
10 support Plaintiffs' fraud claim.[8] It is not merely a defendant's
11 misrepresentations that must be plead with particularity, but
12 rather all of the "circumstances constituting fraud." Fed. R.
13 Civ. P. 9(b). Were it otherwise, Jani-King would be unable to
14 defend against generalized allegations of "bad practices" that
15 supported Plaintiffs' fraud claim.

16 All of these defects can be cured by providing additional
17 detail in an amended complaint. For this reason, Plaintiffs'
18 fraud-based claims are DISMISSED WITHOUT PREJUDICE.[9]
19 ///

---

[8] For example, the Complaint only vaguely identifies one account "in March 2009 for a small business outside of [the Juarezes'] geographic region" for which Jani-King inflated the hours estimate. Compl. ¶ 70. Plaintiffs need not identify every manifestation of the scheme over the last five years, however it must allege more than conclusory allegations regarding Jani-King's practices. At least some specificity, even if by way of example, is required.

[9] Should Plaintiffs choose not to amend their fraud claim, the Court also notes that their first two causes of action might still be amended so as not to be based on allegations of fraud. Should Plaintiffs do so, the Court would be willing to reevaluate them under the appropriate standard at that time.

13

### B. <u>Plaintiffs' Contract Claim</u>

Plaintiffs' sixth cause of action is for breach of contract. Compl. ¶¶ 148-52. Jani-King claims that Plaintiffs do not sufficiently identify the contracts or the provisions Jani-King allegedly breached. Mot. at 11-12. Indeed, the Complaint does not specifically identify any explicit contract term that Jani-King has broken. Instead, the Complaint contends that "Jani-King repeatedly breaches the franchise contracts by not providing or offering sufficient cleaning accounts to produce the guaranteed level of income." Compl. ¶ 40. Reading the Complaint in the light most favorable to Plaintiffs, the Court accepts for now that Jani-King has a contractual duty to provide its franchisees with a guaranteed level of income or with a certain volume of accounts.[10]

The problem with the Complaint is that the allegations do not clearly indicate how Jani-King breached this obligation. In fact, the Complaint strongly suggests that Jani-King never failed to offer the required volume of accounts.[11] Instead, Plaintiffs appear to allege that Jani-King's practice was to offer the requisite amount of accounts to each of its franchisees, but to routinely do so in a way that deprived them of a reasonable possibility of actually receiving the benefits of the accounts -- e.g., by providing inaccurate descriptions of the accounts, by offering accounts outside of a franchisees' geographical area, by

---

[10] The Court notes that neither party has submitted to the Court a copy of the standard form contract agreement.

[11] On a similar note, that Complaint does not indicate that the contracts explicitly limited the types of accounts that could be offered.

14

not providing enough time for franchisees to accept, etc. Id. ¶¶ 40-47. The most charitable reading of this theory is as a claim for a violation of an implied covenant of good faith and fair dealing, rather than a breach of any express terms of the franchise contracts. See Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55 (Ct. App. 2003) ("[E]very contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."). If this is indeed the nature of Plaintiff's intended cause of action, then the Court will not recast it on its own at this stage, but will instead grant Plaintiffs leave to amend.

Plaintiff may amend this cause of action to state a claim for breach of an implied covenant, or alternatively, to plead more clearly how Jani-King violated an express term of its franchise contracts. At this point, the cause of action is not sufficiently clear to provide Jani-King with adequate notice of the claim against it, even under the more lenient standards of Rule 8(a)(2). The claim is therefore DISMISSED WITHOUT PREJUDICE.

### C. Plaintiff's Claim Under Section 2810 of the California Labor Code

Plaintiff's eleventh cause of action is for violations of section 2810 of the California Labor Code ("§ 2810"). In pertinent part, this section reads as follows:

> A person or entity may not enter into a contract or agreement for labor or services with a construction, farm labor, garment, janitorial, or

15

> security guard contractor, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

Cal. Labor Code § 2810(a).

By its own terms, § 2810 applies only to "[a] person or entity" that "enter[s] into a contract or agreement for labor or services with a . . . janitorial . . . contractor . . . ." Id. It does not purport to apply to janitorial contractors, but to the clients of janitorial contractors, i.e., those who contract with them. Because Jani-King is apparently a janitorial contractor, rather than a client of a janitorial contractor, the statute does not apply to Jani-King.

If the Court were to ignore the express language of the first clause of the subsection, it would be confronted with an awkward problem of construction when it applied the state-of-mind requirement of the latter part of the subsection. The first clause of the subsection clearly applies to the "person or entity" who contracts with the contractor, while the latter clause limits the statute's application to contracts where "the person or entity" knows or should know of the contract's deficiency. It would be awkward to read "person or entity" to refer to the client in the first clause, but to refer to either the client or the contractor in the latter clause. Plaintiffs are clearly attempting to allege a violation of § 2810 based on Jani-King's state of mind, rather than the state of mind of a "person or entity" that contracted with Jani-King. Compl. ¶ 175. The

16

language of the statute simply does not support this application. This cause of action is therefore DISMISSED WITH PREJUDICE.

### D. **Plaintiffs' Demand for Punitive Damages Based on Their Negligent Misrepresentation Claim**

Jani-King has requested that Plaintiffs' request for punitive damages as to their fifth cause of action, for negligent misrepresentation, be stricken. Mot. at 13-14. Plaintiffs admit that this request was pled in error, and agree that it should be stricken. Opp'n at 2 n.2. The Court appreciate's Plaintiffs' candor. The request for punitive damages as to Plaintiffs' fifth cause of action is STRICKEN.

## V. CONCLUSION

The Court hereby GRANTS Jani-King's Motion to Dismiss. The following causes of action are DISMISSED:

1. Plaintiffs' first cause of action for violation of section 31201 of the California Corporations Code is DISMISSED WITH LEAVE TO AMEND;
2. Plaintiffs' second cause of action for violations of section 31202 of the California Corporations Code is DISMISSED WITH LEAVE TO AMEND;
3. Plaintiffs' third cause of action for intentional misrepresentation is DISMISSED WITH LEAVE TO AMEND;
4. Plaintiffs' fourth cause of action for concealment is DISMISSED WITH LEAVE TO AMEND;
5. Plaintiffs' fifth cause of action for negligent misrepresentation is DISMISSED WITH LEAVE TO AMEND;

6. Plaintiffs' sixth cause of action for breach of contract is DISMISSED WITH LEAVE TO AMEND;

7. Plaintiffs' eleventh cause of action for violations of section 2810 of the California Labor Code is DISMISSED WITH PREJUDICE;

8. Plaintiffs' fourteenth cause of action for violations of sections 17200 et seq. of the California Business and Professions Code is DISMISSED WITH LEAVE TO AMEND, only as to those aspects that sound in fraud; this claim is not dismissed in any other regards.

In addition, Plaintiffs' request for punitive damages as to their fifth cause of action is STRICKEN.

Plaintiffs are hereby granted leave to amend their Complaint, except as to their eleventh cause of action for violations of section 2810 of the California Labor Code. An amended complaint must be submitted within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated: OCTOBER 5, 2009

_____
UNITED STATES DISTRICT JUDGE