MONIQUE OLIVIER (SBN 190385)
(molivier@sturdevantlaw.com)
WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

MARK TALAMANTES (SBN 187961)
(mark@e-licenciados.com)
JENNIFER A. REISCH (SBN 223671)
(jennifer@e-licenciados.com)
TALAMANTES/VILLEGAS/CARRERA, LLP
170 Columbus Avenue, Suite 300
San Francisco, CA 94133
Telephone: (415) 989-8000
Facsimile:   415) 989-8028

SHANNON LISS-RIORDAN (*Pro Hac Vice*)
(sliss@llrlaw.com)
HILLARY SCHWAB (*Pro Hac Vice*)
(hschwab@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone: (617) 994-5800
Facsimile:   (617) 994-5801

Attorneys for Plaintiffs and the Putative Plaintiff Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO, and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas Corporation; JANI-KING, INC., a Texas Corporation; JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.:  CV09-03495 SC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND TIME TO RESPOND TO MOTION FOR CLASS CERTIFICATION AND TO CONTINUE HEARING DATE**<br><br>Courtroom:   1, 17th Flr.<br>Judge:           Hon. Samuel Conti<br><br>Complaint filed:  June 22, 2009 |

## I. INTRODUCTION

In an effort to seek a total of *two months' time* to oppose Plaintiffs' Motion for Class Certification, Defendants blatantly misrepresent Plaintiffs' statements, the agreements of the parties, and the applicable law to the Court. Plaintiffs offered Defendants a one-week extension; Defendants instead have run into court without good cause and asked for a month. Defendants' motion for an extension should be denied.[1] Defendants purport to offer grounds for a motion to strike the declarations of Plaintiffs' witnesses, yet claim to prefer an extension in order to depose all declarants. Defendants cannot ride two horses at once. If they believe they have grounds to strike the declarations (which, as demonstrated below, they do not), they can seek to do so. Those grounds, do not, in any event, provide a basis for an excessive extension of time to file their opposition to Plaintiffs' motion. Plaintiffs have fully complied with the orders of this Court, the rules, and the agreements of the parties. Defendants should be compelled to do the same.

## II. STATEMENT OF FACTS

Months ago, an agreement was reached by counsel in this case that set out a schedule for class certification briefing, in compliance with the rules of court, but also allowing both parties the additional time they believed would be necessary to brief this matter. (*See* Declaration of Eileen Hunter ("Hunter Decl.") [Dkt. #68-1], filed July 27, 2010, ¶¶ 7-8 & Ex. 2.) Contrary to Defendants' assertions, this schedule was set for the convenience of both parties and to accommodate Defendants' request for Plaintiffs to disclose their experts prior to the time required by the federal rules. (Declaration of Monique Olivier ("Olivier Decl."), filed herewith, Ex. 1.)

As required by the parties' agreement, Plaintiffs filed their Motion for Class Certification on July 16, 2010. (Dkt. #52-63.) In support, Plaintiffs submitted eight declarations from nine putative class members, a declaration from Jani-King former employee, John Allen, and declarations from Plaintiffs' expert witnesses, Art Rose and Steven Cumbow. Pursuant to this agreement, Defendants'

---

[1] Plaintiffs apologize that this matter has come before the Court. Plaintiffs sincerely believe that such squabbling regarding dates and timing should not be brought before the Court and avoid it whenever possible. Plaintiffs submit this opposition to address Defendants' misstatements.

1

PLAINTIFFS' OPP. TO DEFENDANTS' MTN FOR ADMINISTRATIVE RELIEF TO EXTEND TIME RESPOND;
CASE NO. CV 09-03495 SC

opposition brief is due a month later, on August 13, 2010, and the hearing is set for September 17, 2010.  (Hunter Decl. ¶ 8 & Ex. 2.)  At the close of business on July 22, 2010, nearly a week after Plaintiffs filed their motion, and without meeting and conferring in violation of Local Rule 30-1, or complying with Federal Rules of Civil Procedure, rules 30(a)(2) (noticing depositions that would result in more than 10 depositions being taken) and 45 (improperly noticing non-party witnesses by deposition notice rather than subpoena), Defendants served the deposition notices of ten declarants (and two expert witnesses) on Plaintiffs' counsel to begin five days later, in three locations across the state of California.  (Olivier Decl. ¶ 4 & Ex. 2.)  Defendants' proposed schedule of depositions would conclude on August 6, 2010, a week before Defendants' brief is currently due.  (*Id*.)

Plaintiffs immediately responded by notifying Defendants that they had failed to comply with local rules and had failed to respond to Plaintiffs' proactive attempts to begin scheduling depositions even before the class certification brief was filed.  (Olivier Decl. ¶ 5 & Ex. 3; *see also id.* ¶ 8 & Ex. 5.)  The next day, Plaintiffs counsel spoke with Defendants counsel and stated:  (1) despite Defendants' failure to meet and confer, failure to provide notice to Plaintiffs' counsel, and Defendants' violation of the rules, Plaintiffs were gathering the available dates of the declarants and counsel; and (2) Plaintiffs would be unable to respond to Defendants' request for an extension until Tuesday because one of Plaintiffs' counsel was unavailable due to vacation Friday through Sunday, and another was unavailable due to a medical procedure Sunday and Monday.  (*Id*. ¶ 6.)

As promised, Plaintiffs responded on Tuesday, July 27, 2010, setting out a comprehensive deposition schedule for the declarants, confirming that all depositions could be completed by August 10, and **offering Defendants' a one-week extension of all dates (and not just the "three days over a weekend" Defendants claim in their papers)**.  (Hunter Decl. Ex. 11; *see also* Olivier Decl. ¶ 7 & Ex. 4.)  Defendants responded by filing the instant motion.

### III. LEGAL ARGUMENT

#### A. Class Member Declarations Are a Routine, Necessary and Expected Component of Class Certification.

Defendants, represented by experienced class counsel, cannot seriously claim that they have been unfairly "surprised" by class member declarations.  Putative class members are not "previously

2

undisclosed" witnesses who came out of left field or whose identities were concealed from Defendants; rather, they are members of the class defined in the complaint whose contact information has been known and available to Defendants since the inception of this case. In fact, one declarant, Leticia Ventura, was identified by *Defendants* in their initial disclosures as a potential witness, and Plaintiffs confirmed in writing to Defendant that they have been in contact with Ms. Ventura. (Hunter Decl. Ex. 4 at 4:6-9; *see also* Olivier Decl. Ex. 9 at 2.)

Defendants' suggestion that Plaintiffs acted inappropriately in failing to inform Defendants that Plaintiffs were communicating with putative class members is simply disingenuous. Class Counsel plainly has not only a right, but a duty to investigate our clients' claims and allegations. Interviewing putative class members is standard procedure in class action cases. Defendants, of course, know this all too well as they have conducted their own interviews of select putative class members in this very case. (Olivier Decl. Ex. 9 at 1.) Plaintiffs have repeatedly informed Defendants throughout this litigation they are engaging in extensive investigation in the course of prosecuting this case. (Olivier Decl. ¶ 11.)

Moreover, there can be no claim of surprise regarding Plaintiffs' two experts who were previously disclosed (Olivier Decl. ¶ 10 & Exs. 6-7) or regarding former employee John Allen, who was included on Plaintiffs' Initial Disclosures (Hunter Decl. Ex. 5 at 2:7-9).

Defendants' claim of surprise is baseless.

### B. There is No Justification For an Extension of Time Because Plaintiffs Fully Complied With The Federal Rules.

Defendants' assertion that Plaintiffs failed to disclose potential witnesses is unsupported by the facts and the law. In any event, this claim cannot serve as a justification for a four-week extension when Plaintiffs have offered to produce all deponents well before their opposition brief is due. (Hunter Decl. Ex. 11; *see also* Olivier Decl. ¶ 8 & Ex. 5.)

Plaintiffs' duty under the Federal Rules is to supplement their initial disclosures "in a timely manner," which they did. Fed. R. Civ. P. 26(e)(1)(A); *see also Howard v. Gap, Inc.*, 2009 WL 3571984, at *7 (N.D. Cal. Oct. 29, 2009) (where defendant was in possession of the contact information of putative class members, the failure to disclose caused no harm to defendants).

3

1  Plaintiffs disclosed their experts two weeks before they filed their motion.  (Olivier Decl. ¶
2  10 & Ex. 6.)  For the putative class member declarations, Plaintiffs did not know until the days
3  immediately preceding the filing of the motion which class members' signed declarations would be
4  received and submitted in support of the motion.  (*Id.* ¶ 9.)  Thus, Plaintiffs did not know until the
5  eve of class certification motion which putative class members would be used to "support its claims
6  or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Declarants' names and declarations are "'clearly work
7  product right up until the moment it [is] filed,' and could easily reveal the same thought processes as
8  a summary or memorandum of a statement."  *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *4
9  (N.D. Cal. Jul. 8, 2008) (recognizing that forced early disclosure of potential declarants would have
10 an unacceptable "chilling effect") (citation omitted); *Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450,
11 451 (N.D. Cal. 2001) ("Presented is the question whether the disclosure requirements of FRCP 26(a)
12 and (e) require a party who has disclosed a potential witness also to reveal a declaration signed by
13 the witness for use on an impending summary-judgment motion.  This order holds there is no such
14 requirement.")  Plaintiffs served their First Supplemental Disclosures pursuant to Rule 26 within two
15 business days of filing the motion, listing each of the declarants as potential witnesses.  (Olivier
16 Decl. Ex. 8.)  Plaintiffs thus supplemented their initial disclosures in a timely fashion.
17  Notably, Defendant primarily relies on cases that strike declarations, which are entirely
18 irrelevant here because that issue is not before this Court.  *See, e.g.*, *Huynh v. J.P. Morgan Chase &*
19 *Co.*, 2008 WL 2789532, at *25 (D. Ariz. Jul. 17, 2008) (declarations struck where disclosure was
20 made after discovery was closed, such that no deposition could be conducted, and Plaintiff had not
21 supplemented disclosure for two years); *United States ex rel. Fago v. M & T Mortgage Corp.*, 518
22 F. Supp. 2d 108, 114 (D.D.C. 2007) (declarations struck because party defied two court orders
23 requiring updating initial disclosures and disclosure was made after discovery closed).  Additionally,
24 the cases cited by Defendants in support of an argument of prejudice are inapposite as none of them
25 involve a party seeking an extension.  *Sender v. Mann*, 225 F.R.D. 645, 658 (D. Colo. 2004) (finding
26 prejudice where twenty previously unknown declarants submitted declarations after discovery);
27 *Watts v. Healthdyne, Inc.,* 1995 WL 409022, at *2 (D. Kan. Jun. 29, 1995) (where affiant was
28

4
PLAINTIFFS' OPP. TO DEFENDANTS' MTN FOR ADMINISTRATIVE RELIEF TO EXTEND TIME RESPOND;
CASE NO. CV 09-03495 SC

1  disclosed after the discovery closed, the court found no prejudice and denied a motion to strike).
2  Similarly, none of the cases hold that Plaintiffs may rely only on witnesses known to them at the
3  time of their initial Rule 26(a) disclosures in support of their motion for class certification.

4      Plaintiffs timely updated their disclosures on Tuesday, July 20, 2010 – nearly one month
5  before Defendants' Opposition is due, per the parties' existing brief schedule agreement – and have
6  agreed to make the disclosed witnesses available for depositions within nearly the same time frame
7  for which Defendants originally noticed them.  Accordingly, Plaintiffs have fully complied with the
8  federal rules and there is no prejudice to Defendants.

9      **C.**    **Plaintiffs Did Not Violate Any Agreement Of The Parties**

10      Defendants' assertion that Plaintiffs use of declarants is "contrary to the parties' discovery
11  agreement" is a blatant misrepresentation.  In fact, Defendants acknowledge that they agree to limit
12  their reliance on testimony from putative class members to those whose documents and information
13  were disclosed and assumed Plaintiffs would do the same.  (Hunter Decl. ¶¶ 13, 21, 22.)  In reality
14  Plaintiffs never agreed, nor had any intention of agreeing, to limit their investigation and use of or
15  access to evidence in this case.  The agreements between the parties addressed only the scope of
16  Defendants' duty to provide responsive documents and information regarding putative class
17  members.  As a compromise regarding Defendants' duty to disclose putative class member
18  information, the parties agreed that Defendants need not produce documents for the entire class, but
19  instead could produce information for approximately 10% of the class.  This compromise regarding
20  a random sampling production was not an agreement limiting the evidence on which Plaintiffs would
21  rely in support of their motion for class certification.  Defendants should not be rewarded with an
22  extension because they failed to realize the impact of the parties agreement.

23  DATED:  July 29, 2010                                    Respectfully submitted,

24                                                            THE STURDEVANT LAW FIRM, A.P.C.

25                                                      By:  *Monique Olivier*
26                                                             Monique Olivier
                                                           Attorneys for Plaintiffs
27
28