Benjamin K. Riley (CA Bar No. 112007)
rileyb@howrey.com
Emily L. Maxwell (CA Bar No. 185646)
maxwelle@howrey.com
Seth B. Herring (CA Bar No. 253907)
herrings@howrey.com
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: 415.848.4900
Facsimile: 415.848.4999

Kerry L. Bundy (MN Bar No. 266917) *(Pro Hac Vice)*
kbundy@faegre.com
Aaron Van Oort (MN Bar No. 315539) *(Pro Hac Vice)*
avanoort@faegre.com
Eileen M. Hunter (MN Bar No. 336336) *(Pro Hac Vice)*
ehunter@haegre.com
**FAEGRE & BENSON, LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612.766.7000
Facsimile: 612.766.1600

Attorneys for Defendants
JANI-KING OF CALIFORNIA, INC., JANI-KING, INC.,
and JANI-KING INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO, and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas Corporation; JANI-KING, INC., a Texas Corporation; JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: CV 09-3495 SC<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' "EVIDENCE" SUBMITTED WITH THE DECLARATION OF WHITNEY HUSTON**<br><br>Date: September 17, 2010<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: The Hon. Samuel Conti |

Defendants Jani-King of California, Inc., Jani-King, Inc. and Jani-King International, Inc. (collectively, "Jani-King") hereby object to the purported evidence set forth in paragraphs 3 through 78 of the Declaration of Whitney Huston filed in support of Plaintiffs' motion for class certification (Docket No. 55-1, Vol. 2, Tab S). In these 76 paragraphs — set forth over 11 pages of text — Ms. Huston, one of Plaintiffs' counsel of record, purports to testify on "personal knowledge" to purported "facts" concerning Jani-King and its business. Thereafter, many of these "facts" are referenced and summarized in Plaintiffs' Statement of Facts in their moving memorandum. These 76 paragraphs also contain voluminous cites to the over 60 exhibits (over 4100 pages of paper) which are then authenticated in paragraphs 80 through 140 of the Huston Declaration.

Jani-King objects to this testimony as lacking foundation and personal knowledge. Paragraphs 3 through 78 of the Huston Declaration set forth incompetent attorney conclusion and argument in violation of this Court's Local Rules and should be stricken.

Local Rule 7-5(b) requires that "declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. … An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Rule 56(e)(1) of the Federal Rules of Civil Procedure states that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See e.g., Sloan v. Pfizer, Inc.,* 2008 U.S. Dist. LEXIS 78785, at *2 (N.D. Cal. 2008) (court struck part of attorney declaration relating to client's financial condition on the grounds that the attorney failed to establish personal knowledge regarding the client's income or financial affairs).

It is readily apparent that Plaintiffs' Attorney Huston does not have personal knowledge concerning the purported "facts" about Jani-King recited in paragraphs 3 through 78 of her declaration. For example, in paragraphs 3 and 4, there is no foundation for Ms. Huston's personal knowledge or competency to testify about Jani-King's business model, its trademarks, its cleaning systems or its regional offices. Nor does she have personal knowledge to testify that "Jani-King ensures that the regional offices are uniform down to the last detail" (¶ 19), that it "makes numerous critical factual omissions" concerning its franchise businesses (¶ 34), that it supposedly "conceals the fact that it has

an exceedingly lax standard" for offering business to its franchisees (¶ 43), or that Jani-King "treats all class members the same" (¶ 74).  These and the other statements in these 11 pages are improper conclusion and argument based on Plaintiffs' counsels' interpretation of the cited documents.  While Plaintiffs may try to offer these statements in their memorandum either as a statement of purported fact or as argument, attempting to offer these conclusions and argument as <u>evidence</u> in an attorney declaration is improper and inadmissible.

These 76 paragraphs also attempt to evade the Court's Local Rule page limits.  Local Rule 7-2(b) provides that a memorandum in support of a motion may not exceed 25 pages.  Indeed, on July 12, this Court denied Plaintiffs' motion to file a 35-page moving memorandum (Docket No. 50).  Accordingly, Plaintiffs filed their 25-page memorandum in support, including a 5-page Factual Statement which in turn cites the Huston Declaration (Exhibit S) and its improper and incompetent summary of evidence.  In this way, Plaintiffs seek to have the Court consider not only its Statement of Facts, but also the 11-page factual recitation in paragraphs 3 through 78 of Ms. Huston's Declaration.  This device enabled Plaintiffs to save space in their memorandum by foregoing a detailed discussion of the evidence and omitting actual citations to the record, thereby forcing the Court to go through the unnecessary step of reviewing the Huston Declaration to find the actual documents and testimony on which Plaintiffs rely.

Accordingly, Jani-King respectfully submits that paragraphs 3 through 78 of the Huston Declaration should be stricken.

Dated:  August 18, 2010

**HOWREY LLP**

**FAEGRE & BENSON, LLP**

*/s/* Kerry L. Bundy

Attorneys for Defendants
JANI-KING OF CALIFORNIA, INC.,
JANI-KING, INC., and
JANI-KING INTERNATIONAL, INC.