WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone:  (415) 477-2410
Facsimile:   (415) 477-2420

MARK TALAMANTES (SBN 187961)
(mark@e-licenciados.com)
JENNIFER A. REISCH (SBN 223671)
(jennifer@e-licenciados.com)
TALAMANTES/VILLEGAS/CARRERA, LLP
170 Columbus Avenue, Suite 300
San Francisco, CA 94133
Telephone:  (415) 989-8000
Facsimile:    415) 989-8028

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
235 Montgomery St., Suite 1010
San Francisco, CA  94104
Telephone:(415) 433-0333
Facsimile: (415) 449-6556

Attorneys for Plaintiffs and the Putative Plaintiff Class

(ADDITIONAL COUNSEL LISTED ON LAST PAGE)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO, and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas Corporation; JANI-KING, INC., a Texas Corporation; JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.:  CV09-03495 SC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' "OBJECTIONS" TO EVIDENCE SUBMITTED WITH THE DECLARATION OF WHITNEY HUSTON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:         September 17, 2010<br>Time:         10:00 am<br>Courtroom:  1, 17th Flr.<br>Judge:        Hon. Samuel Conti<br><br>Complaint filed:   June 22, 2009 |

1    In their Motion for Class Certification ("Motion"), Plaintiffs Alejandro Juarez, Maria Juarez, Luis A. Romero, and Maria Portillo ("Plaintiffs") set forth five pages of factual support for their contention that the claims in this case are suitable for class treatment.  (*See* Motion [Dkt. # 52] at 2:6-7:8.)  For the convenience of the Court, in order to direct the Court to all of the Exhibits that support each of those statements and avoid the distraction of long string cites to numerous exhibits after each sentence in their Statement of Facts, Plaintiffs broke down and then re-stated, nearly verbatim, portions of this section in paragraphs 3-78 of the Declaration of Whitney Huston, counsel for Plaintiffs and the putative Class (Dkt. # 55-1, Vol. 2, Tab S, hereinafter "Huston Decl."), which then attaches, in numeric order, each of the cited-to exhibits (*see* Huston Decl. ¶¶ 80-140 (describing and attaching Exhibits 1-61)).

Defendants' Objections to "Evidence" Submitted with the Declaration of Whitney Huston (Dkt. # 75, hereinafter "Objections") filed by Defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively, "Defendants") do not actually contain a single objection to evidence; they are instead a hyper-technical attack on the format of Plaintiffs' presentation of the evidence used to support their Motion.  With these objections, Defendants' complain of Plaintiffs recitation of *facts* (not the evidence that they cite in support of the facts) in the Huston Declaration.  Plaintiffs' presentation of the evidence in this matter was done to facilitate the ability of the Court to quickly find and locate voluminous evidence.  There are no new or different facts from the Motion contained in the Huston Declaration.  Defendants are thus non-sensically objecting to Plaintiffs' Statement of Facts (as restated in the Huston Declaration) as if it was intended to be the evidence, where Plaintiffs had no such intent.

Defendants provide no legal ground for striking or disregarding any of the documents Plaintiffs actually cite as *evidence*, nearly all of which were produced and/or authenticated by Defendants and their witnesses during discovery.[1]

---

[1] In fact, of the 4,055 pages of documents attached to Ms. Huston's Declaration, 3,779 pages (***over 93 percent***) are documents that were produced by Jani-King and/or were marked and authenticated during depositions.  The remaining pages consist mainly of excerpts from deposition transcripts (Huston Decl. Exs. 53-61 (71 pages / 4.22%)), reports generated by Plaintiffs from Jani-King's "Web App," an online database to which Plaintiffs' counsel was given limited access during
(continued on next page)

-1-

PLTFS' RESPONSE TO DEFS' "OBJECTIONS" TO EVIDENCE SUBMITTED WITH THE DECL. OF W. HUSTON IN SUPPORT OF PLTFS' MTN FOR CLASS CERT.; CASE NO. CV 09-03495 SC

With the exception of one paragraph,[2] the paragraphs of Ms. Huston's Declaration to which Defendants object simply re-state the assertions made in Plaintiffs' Statement of Facts, and group them in thematic order. Ms. Huston then goes on to describe each of the Exhibits referenced therein, attaching them in numeric order (*see* Huston Decl. ¶¶ 80-140.) Plaintiffs presented the evidence this way in order to enable the Court to easily and efficiently identify which documents support each of Plaintiffs' factual contentions, not to demonstrate Ms. Huston's "personal knowledge" of the facts themselves, or to "evade" the Court's page limits, as Defendants argue. (Objections 2:7-17.) In fact, contrary to Defendants' suggestion that Plaintiffs' way of presenting the evidence forces the Court to go through an "unnecessary step," it actually enables the reader to more quickly ascertain which documents support which statements, without having to return back and forth between the brief and the supporting declaration of counsel.[3]

Defendants cite only one case in support of their Objections to Ms. Huston's Declaration, *Sloan v. Pfizer, Inc.*, 2008 U.S. Dist. LEXIS 78785 (N.D. Cal. 2008), and it is clearly distinguishable from the circumstances here. Indeed, the Court's reasoning in that case actually demonstrates the fundamental flaw in Jani-King's argument. As the Court noted:

> Some knowledge of Plaintiff's affairs may be inferred from Iannitelli's position as his attorney […] *If Iannitelli learned the information by reviewing*

---

(Footnote continued from previous page)
discovery (*Id*. Exs. 47-51 (19 pages / <1%)), correspondence between counsel (*Id*. Ex. 31 (3 pages / <1%)), and Jani-King's discovery responses (*Id*. Exs. 28 & 29 (24 pages / <1%)). **Less than 1.5 percent** (59 out of 4,055) of the pages attached to the Huston Declaration are from documents that were produced by Plaintiffs in discovery, but have not yet been authenticated. These 59 pages comprise two copies of a PowerPoint presentation Plaintiffs' counsel found online, featuring Jani-King's logos and standard sales presentation language (*Id*. Ex. 24); and several account- and bidding-related documents produced by Plaintiffs in discovery (*Id*. Exs. 44 and 46), which are identical in form to those that have been produced by Jani-King and/or authenticated by witnesses in this case.

[2] This paragraph describes Jani-King's "Web App.," it provides foundation for its knowledge of the Web App., and thus lays the foundation for Plaintiffs' Web App-generated reports. (Huston Decl. ¶ 73.)

[3] If the Court finds that Plaintiffs' presentation of evidence in support of their Motion has not complied with any Local Rule or Rule of Evidence, or otherwise has failed to facilitate its review of the Motion, Plaintiffs respectfully request that they be permitted to re-submit their evidence in accordance with the format designated by the Court.

PLTFS' RESPONSE TO DEFS' "OBJECTIONS" TO EVIDENCE SUBMITTED WITH THE DECL. OF W. HUSTON IN SUPPORT OF PLTFS' MTN FOR CLASS CERT.; CASE NO. CV 09-03495 SC

> *pertinent documents, he should have directed the Court to those documents by attaching them to his declaration.*

*Id.* at *6 (italics added) (citing N.D. Cal. Civil L. R. 7-5(a)). This is exactly what Plaintiffs' counsel did in this case: she attached documents that she had reviewed and/or with which she was familiar showing the basis for Plaintiffs' contentions. Unlike the attorney in *Sloan*, who was attempting to establish certain "facts" for purposes of opposing defendants' motion to transfer venue without referring to documentary evidence, Plaintiffs do not offer Ms. Huston's statements about the documents as evidence *in themselves*, but recite the statements of fact in her declaration in order to direct the Court to the documentary evidence on which the Motion itself relies. Ms. Huston's personal knowledge of the documents, testimony, correspondence, and discovery exchanged in this litigation make it entirely proper for her to direct the Court, through her declaration, to the evidentiary materials that support Plaintiffs' contentions.

In *Sloan*, Judge Armstrong actually overruled one of the defendant's objections to the attorney's declaration, holding that the attorney's statement that he had researched defendant's operations gave him the requisite foundation to state the number of defendant's locations in California. *See* 2008 U.S. Dist. LEXIS 78785, at *7-8. Defendants' "objections" to Ms. Huston's statements concerning "Jani-King's business model, its trademarks, its cleaning systems [*sic*], [and] its regional offices" (Objections 1:25-26), are similarly misplaced, since the foundation for those statements can be established by her research and review of Jani-King's own documents, which are attached to her declaration. (*See* Huston Decl. ¶¶ 80-140 (describing and attaching each of the exhibits mentioned in ¶¶ 3-78)).

//
//
//
//
//
//
//

-3-
PLTFS' RESPONSE TO DEFS' "OBJECTIONS" TO EVIDENCE SUBMITTED WITH THE DECL. OF W. HUSTON IN SUPPORT OF PLTFS' MTN FOR CLASS CERT.; CASE NO. CV 09-03495 SC

For all of the reasons above, Plaintiffs respectfully ask the Court to OVERRULE Defendants' Objections to Plaintiffs' "Evidence" Submitted with the Declaration of Whitney Huston.

DATED: September 8, 2010                    Respectfully submitted,

                                                            THE STURDEVANT LAW FIRM
                                                            A Professional Corporation

                                                            TALAMANTES/VILLEGAS/CARRERA, LLP

                                                            DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

                                                            LICHTEN & LISS-RIORDAN, P.C.

                                         By:   /s/ *Jennifer A. Reisch*
                                                          Jennifer A. Reisch
                                                          Attorneys for Plaintiffs

**<u>ADDITIONAL COUNSEL</u>**

Counsel for Plaintiffs:

SHANNON LISS-RIORDAN (*Pro Hac Vice*)
(sliss@llrlaw.com)
HILLARY SCHWAB (*Pro Hac Vice*)
(hschwab@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA  02114
Telephone:  (617) 994-5800
Facsimile:    (617) 994-5801

PLTFS' RESPONSE TO DEFS' "OBJECTIONS" TO EVIDENCE SUBMITTED WITH THE DECL. OF W. HUSTON IN SUPPORT OF PLTFS' MTN FOR CLASS CERT.; CASE NO. CV 09-03495 SC