IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO and MARIA PORTILLO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation, JANI-KING, INC., a Texas corporation, JANI-KING INTERNATIONAL, INC., a Texas corporation, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 09-3495 SC<br><br>ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY THE CLASS |

    This is a putative class action arising out of the sale of franchises by Defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. ("Defendants") to Plaintiffs Alejandro Juarez, Maria Juarez, Luis A. Romero, Maria Portillo ("Plaintiffs"), and others similarly situated. First Amended Complaint, ECF No. 32 ("FAC").  On July 9, 2010, Plaintiffs petitioned the Court for leave to file a brief exceeding Civil Local Rule 7-4(b)'s twenty-five-page limit.  ECF No. 48. Plaintiffs claimed they needed additional space "given that there are fourteen causes of action at issue in this case, which include both consumer and employment claims, and Plaintiffs must adequately

address all of the requirements of Federal Rules of Civil Procedure." Id. The Court denied this request. ECF No. 50.

On July 16, 2010, Plaintiffs filed their Motion to Certify, as well as sixty exhibits totaling more than four thousand pages in support of the Motion. ECF Nos. 52 ("Mot."), 53-63. Defendants filed an Opposition, as well as a separate memorandum of objections to the evidence submitted in support of Plaintiffs' Motion. ECF Nos. 78 ("Opp'n"), 75 ("Defs.' Objs.").[1] Plaintiffs filed a Reply and a response to Defendants' objections. ECF Nos. 87 ("Reply"), 91 ("Resp. to Defs.' Objs.").

Defendants object to an eleven-page section of the September 17, 2010 Declaration of Whitney Huston, ECF No. 55-1 ("Huston Decl."), which Plaintiffs filed in support of their Motion. The Statement of Facts in Plaintiffs' Motion cites almost exclusively to seventy-six paragraphs in this declaration. See Mot. at 2-7. These paragraphs in turn cite to the evidence supporting the Motion. For example, a sentence in Plaintiffs' Motion reads:

> JK conceals the fact that the price it negotiates for cleaning accounts, after all fees are deducted, leaves franchisees without a profit and with little to no return on their investment. (S ¶ 37.)

Mot. at 4. Paragraph 37 of the Huston Declaration provides:

> JK conceals the fact that the price it negotiates for cleaning accounts, after all fees are deducted, leaves franchisees without a profit and with little to no return on their investment. (Evid. Tab E ¶¶ 8-11; Evid. Tab F ¶ 4; Evid. Tab G ¶ 5; Evid. Tab H ¶ 5; Evid. Tab I ¶ 6; Evid. Tab J ¶ 5; Evid. Tab K ¶ 5; Evid.

---

[1] Defendants filed their Objections before this District's September 20, 2010 revision of Civil Local Rule 7-3, which now requires evidentiary and procedural objections to a motion to be contained within the opposition brief. See Civ. L. R. 7-3(a).

>Tab L ¶ 6; Evid. Tab N ¶ 11; Evid. Tab O ¶¶ 29-34, 45-50, 54-58; Ex. 38; Ex. 56, 120:23-121:15; Ex. 57, 45:21-47:9; Ex. 58, 121:3-16; Ex. 60, 94:21-95:5; Ex. 61, 139:3-12, 139:17-140:1.)

Huston Decl. ¶ 37.

Defendants argue that through this practice, Plaintiffs evade Civil Local Rule 7-4(b)'s page limits on briefs. Defs.' Objs. at 1. Defendants argue that this practice violates Civil Local Rule 7-5(b), because Huston's declaration is argumentative and conclusory. Id. Defendants also argue that the practice violates Federal Rule of Civil Procedure 56(e), because Huston lacks personal knowledge of these statements. Id. Defendants write:

>Plaintiffs seek to have the Court consider not only its Statement of Facts, but also the 11-page factual recitation in paragraphs 3 through 78 of Ms. Huston's Declaration. This device enabled Plaintiffs to save space in their memorandum by foregoing a detailed discussion of the evidence and omitting actual citations to the record, thereby forcing the Court to go through the unnecessary step of reviewing the Huston Declaration to find the actual documents and testimony on which Plaintiffs rely.

Id. at 2.

Plaintiffs dismiss Defendants' Objections as a "hyper-technical attack on the format of Plaintiffs' presentation of the evidence used to support their Motion." Response to Defs.' Objs. at 1. Plaintiffs defend this practice, writing, "Plaintiffs presented the evidence this way in order to enable the Court to easily and efficiently identify which documents support each of Plaintiffs' factual contentions, not to demonstrate Ms. Huston's 'personal knowledge' of the facts themselves, or to 'evade' the Court's page limits." Id. at 2.

The Court agrees with Defendants, and finds that the Huston

1   Declaration violates this District's local rules.  Civil Local Rule
2   7-5(b) provides:

>   An affidavit or declarations may contain only
>   facts, must conform as much as possible to the
>   requirements of FRCivP 56(e), and must avoid
>   conclusions and argument.  Any statement made
>   upon information or belief must specify the
>   basis therefor. An affidavit or declaration not
>   in compliance with this rule may be stricken in
>   whole or in part.

    Paragraph 37, like paragraphs 3 through 78, is both argumentative and conclusory.  Federal Rule of Civil Procedure 56(e) states: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).  Huston lacks personal knowledge of the statements in Paragraphs 3 to 78 of her Declaration, which are nothing more than endnotes to Plaintiffs' Motion.  Plaintiffs' practice is an impermissible end-run around the page limits on briefs, and directly in opposition to this Court's July 12, 2010 order denying Plaintiffs' motion for leave to file an extended brief.

    For these reasons, the Court SUSTAINS Defendants' objections to Paragraphs 3 to 78 of the Huston Declaration.  With these paragraphs stricken, Plaintiffs' Complaint is left without factual support, and thus the Court DENIES Plaintiffs' Motion to Certify.

    Accordingly, Plaintiffs' Motion to Certify the Class is DENIED.  Plaintiffs shall have fourteen (14) days from the date of this Order to file an Amended Motion to Certify the Class that conforms with the Federal Rules of Civil Procedure and this District's Civil Local Rules.  The hearing on this motion is set

4

for 10:00 A.M., December 3, 2010, with the opposition and reply due per Civil Local Rule 7-3. If Plaintiffs fail to file this motion within fourteen days of this Order, the Court's denial of this Motion to Certify the Class shall be WITH PREJUDICE.

The Court reminds Plaintiffs that one of the factors the Court will consider in evaluating a motion to certify the class under Rule 23(b)(3) is "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). In Plaintiffs' Motion, Plaintiffs present multiple, disparate theories of predominance. They seek class certification for fourteen different causes of action. They seek certification under both Rule 23(b)(2) and (b)(3). They attach sixty exhibits, totaling more than four thousand pages of documents. Class action is superior to individual actions, and thus permissible under Rule 23(b)(3), "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998). This is the case that Plaintiffs must make for the class to be certified under Rule 23(b)(3).

IT IS SO ORDERED.

Dated: September 24, 2010

UNITED STATES DISTRICT JUDGE

5