BENJAMIN K. RILEY (CA Bar No. 112007)
briley@bztm.com
**BARTKO, ZANKEL, TARRANT & MILLER**
900 Front Street, Suite 300
San Francisco, California  94111
Telephone:  (415) 956-1900
Facsimile:  (415) 956-1152

Kerry L. Bundy (MN Bar No. 266917) *(Pro Hac Vice)*
kbundy@faegre.com
Aaron Van Oort (MN Bar No. 315539) *(Pro Hac Vice)*
avanoort@faegre.com
Eileen M. Hunter (MN Bar No. 336336) *(Pro Hac Vice)*
ehunter@faegre.com
**FAEGRE & BENSON, LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Attorneys for Defendants
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600

Attorneys for Defendants
JANI-KING OF CALIFORNIA, INC.,
JANI-KING, INC., and
JANI-KING INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO JUAREZ, MARIA JUAREZ, LUIS A. ROMERO, and MARIA PORTILLO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANI-KING OF CALIFORNIA, INC., a Texas corporation; JANI-KING, INC., a Texas corporation; JANI-KING INTERNATIONAL, INC., a Texas corporation, <br><br> Defendants. | No. CV-09-03495 SC <br><br> **CLASS ACTION** <br><br> **DECLARATION OF EILEEN M. HUNTER RE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS IN CONNECTION WITH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Judge:  The Hon. Samuel Conti |

I, EILEEN M. HUNTER, declare as follows:

1. I am a member of the State Bar of Minnesota and am admitted *pro hac vice* to practice law before this Court for purposes of this case. (Dkt. No. 12.) I am associated with the law firm of Faegre & Benson LLP, and serve as counsel for Defendants in the above-captioned action. The facts contained in this declaration are within my personal knowledge, and if called as a witness I could and would testify competently to these facts.

2. I make this declaration under Local Rule 79-5(d), in response to Plaintiffs' Administrative Motion To File Under Seal Documents [Docket No. 100] in connection with Plaintiffs' Motion for Class Certification.

3. As set forth below, the documents that Plaintiffs have requested be filed under seal contain Defendants' proprietary training, business and customer information. This information is highly confidential, trade secret and valuable to Jani-King and could be misused by competitors and thereby harm Jani-King's business if publicly filed. Other documents set forth private individual financial information of the named Plaintiffs or other Jani-King franchise owners, and similarly should not be publicly available.

4. In addition, the Court ordered that these same documents be filed under seal in connection with Plaintiffs' original motion for class certification. [Docket No. 74.] Accordingly, Jani-King respectfully joins in Plaintiffs' request that Exhibits 2-9, 11, 13-15, 17, 25, 35 and 36 to the Huston Declaration and Exhibits 3, 7, 8, 9, 11 and 12 to the Cumbow Declaration be filed under seal. A proposed Order is filed herewith.

**Exhibits to the Declaration of Whitney Huston**

5. As set forth below, Exhibits 2-9, 11, 13-15, 17, 25, 35 and 36 to the Declaration of Whitney Huston (Volume 3, Tab T, Docket No. 97-8) contain Jani-King's current confidential and/or proprietary information and should be filed under seal.

6. Exhibits 2-8 are confidential Jani-King manuals. These manuals can be divided into two categories: (1) manuals that are provided on a confidential basis to franchise owners after they sign a franchise agreement (which includes a confidentiality clause) and pay their initial

1

1  franchise fee; and (2) manuals that are provided on a confidential basis to the employees at the
2  Jani-King of California offices. All of these manuals are used only within the Jani-King franchise
3  system and are not made publicly available. They are also marked by Jani-King in the normal
4  course of business as containing confidential information.

5        7.    The confidential manuals provided to franchise owners contain invaluable
6  information about the Jani-King franchise system, and guidance on how to operate their Jani-King
7  franchise business. Manuals given to the franchise owners include: Exhibit 2 (Jani-King's
8  franchise training manual); Exhibit 7 (Jani-King's Policies and Procedures Manual) and Exhibit 8
9  (Franchise Operations Manual). These manuals are discussed in training with the franchise
10 owners, and make up the backbone of the Jani-King franchise system.

11       8.    The other confidential manuals are Exhibit 3 (Jani-King's Sales Manual), Exhibit 4
12 (Office Administration Guide), Exhibit 5 (Operations Managers' Guide) and Exhibit 6 (Regional
13 Director's Training Manual). These provide the blueprint of how to operate a Jani-King regional
14 support office. They cover the Jani-King methods of interacting with franchise owners, client
15 accounts, and potential customers.

16       9.    Exhibits 2-8 are replete with highly confidential, trade secret and private
17 information, and the public filing of these documents would be harmful to Jani-King's business,
18 existing franchise owners, and the franchise system.

19       10.    Exhibit 9 contains personal and current financial information relating to a specific
20 franchise owner, and thus should not be publicly filed.

21       11.    Exhibit 11 contains a PowerPoint presentation used to train account executives on
22 how to bid and sell contracts under the Jani-King model. The document contains confidential and
23 trade secret business information and methods of Jani-King, and the public filing of these
24 documents would be harmful to Jani-King.

25       12.    Exhibit 13 sets forth a compilation of monthly franchise statements for years 2005
26 to 2010 detailing the monthly revenue generated by Plaintiffs Alejandro and Maria Juarez, as well
27 as the expenses and fees deducted for various equipment, cleaning supplies, and franchise fees.
28

1  This information is private and confidential to the Juarezes, and discloses contract amounts for
2  current customers. It should not be publicly filed.

3        13.     Exhibits 14 and 15 contain the same compilation of monthly franchise statements
4  for years 2005 to 2010 for Plaintiff Maria Portillo (Exhibit 14) and Luis Romero (Exhibit 15) as to
5  revenue, expenses and fees. This information is private and confidential to Ms. Portillo and Mr.
6  Romero and discloses current contract amounts for current customers. It should not be publicly
7  filed.

8        14.     Exhibit 17 sets forth the confidential franchise applications for the four named
9  Plaintiffs, and contains individual identifying information (for example, telephone and date of
10 birth). This financial information is private and confidential and should not be publicly filed.

11       15.     Exhibit 25 contains recent monthly revenue and financial information for Jani-King
12 of California from the Los Angeles area. Again, this is highly confidential, trade secret and private
13 business and financial information of Jani-King and would be harmful to Jani-King if publicly
14 disclosed.

15       16.     Exhibit 35 is the Obligation History Report for Plaintiffs Alejandro and Maria
16 Juarez, and thus sets forth confidential and private customer lists, contract amounts and other
17 personal financial information. This exhibit should not be publicly filed.

18       17.     Exhibit 36 is Jani-King's Transferred Accounts Report and thus sets forth
19 confidential and private financial information which should not be publicly filed.

20 **Cumbow Declaration and Exhibits**

21       18.     Exhibits 3, 7, 8, 9, 11 and 12 to the Cumbow Declaration (Vol. 2, Tab S, Docket
22 No. 97-3) also should be filed under seal because they set forth confidential revenue and
23 profitability information for Jani-King and many of its franchises.

24       19.     Exhibit 3 to the Cumbow Declaration should be filed under seal. It sets forth a
25 confidential compilation of the revenue information of many Jani-King franchise owners.
26 Accordingly, this information is private financial material which should not be publicly filed.
27
28

3

20. Exhibits 7, 8 and 9 to the Cumbow declaration also should be filed under seal. These exhibits contain profitability analysis for the Jani-King franchises owned by the four named Plaintiffs. Accordingly, these exhibits contain private financial information which should not be publicly filed.

21. Exhibits 11 and 12 to the Cumbow Declaration also should be filed under seal. These documents set forth the gross revenue numbers for Jani-King of California from 2005 to the present. This is highly confidential and trade secret financial information not made publicly available and would be harmful to Jani-King's business should it be publicly disclosed. Accordingly, these exhibits should not be publicly filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of October, 2010, in Minneapolis, Minnesota.

*/s/ Eileen M. Hunter*
EILEEN M. HUNTER

4

2324.000/473640.1

DECL. RE PLTFS.' ADMIN. MTN. TO FILE DOCS UNDER SEAL
Case No.: CV-09-03495 SC