IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JUAREZ, et al., | ) Case No. 09-03495 SC |
| Plaintiffs, | ) ORDER DENYING DEFENDANTS' |
| v. | ) ADMINISTRATIVE MOTION TO ) FILE UNDER SEAL DOCUMENTS |
| JANI-KING OF CALIFORNIA, INC., et al., | ) IN CONNECTION WITH ) DEFENDANTS' MOTION FOR ) SUMMARY JUDGMENT |
| Defendants. | ) |

    Now before the Court is Defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc.'s (collectively "Jani-King") Administrative Motion to file certain documents under seal.  ECF No. 150 ("Mot.").  For the reasons set forth below, Jani-King's Motion is DENIED.

    Courts have historically recognized a strong presumption in favor of public access to court documents.  See Nixon v. Warner Comm'n, 435 U.S. 589, 597 (1978).  "[T]he strong presumption of access applies fully to dispositive pleadings, including motions for summary judgment and related attachments . . . because the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations and citations omitted).  A party seeking to seal

**United States District Court**
For the Northern District of California

1  judicial records attached to a dispositive motion must overcome
2  this strong presumption by meeting the "compelling reasons"
3  standard.  Id. at 1178-79.  "That is, the party must articulate[]
4  compelling reasons supported by specific factual findings,
5  [citation] that outweigh the general history of access and the
6  public policies favoring disclosure . . . ." Id. at 1178 (internal
7  quotations omitted).  Compelling reasons exist when court documents
8  may be used to "promote public scandal, circulate libelous
9  statements, or release trade secrets." Id. at 1179.
10      In the instant action, Jani-King moves to file under seal
11 exhibits 21 and 24 to the Declaration of Eileen Hunter in support
12 of Jani-King's Motion for Summary Judgment.  See ECF No. 149-2
13 ("Hunter Decl.").  Exhibit 21 is Jani-King's Policies and
14 Procedures Manual, which includes guidance for franchisees on
15 training, "starting and operating your business," financial
16 management, and business management.  Jani-King submits that this
17 manual "contains invaluable information about the Jani-King
18 franchise system, and provides confidential trade secret
19 information on how franchisees should operate their Jani-King
20 franchise business."  Mot. at 1.  Exhibit 24 contains a series of
21 spreadsheets which itemize the check stubs and various proofs of
22 payment received by Nano's Janitors as well as copies of documents
23 produced by Plaintiffs that provide the basis for the summaries
24 contained in the spreadsheets.  Jani-King argues that "[t]hese
25 documents set forth confidential financial information as to Nano's
26 janitors and Plaintiffs . . . , including personal billing,
27 payment, and tax information." Id.
28      The Court finds that Jani-King has failed to enunciate

compelling reasons for sealing either Exhibit 21 or Exhibit 24. It is unclear why the Policies and Procedures Manual should be sealed. Jani-King asserts that the manual is a trade secret, but does not offer an adequate explanation for that assertion. It is also unclear why Exhibit 24 should be sealed. Jani-King does not explain why information concerning a number of payments received by Nano's Janitors should remain confidential. While the exhibit does contain some tax records related to the payments, personal information such as tax identification numbers and social security numbers have been redacted.

For the foregoing reasons, the Court DENIES Jani-King's administrative motion to file documents under seal. The court will reconsider its decision if Jani-King submits additional briefing that articulates compelling reasons for sealing the documents.

IT IS SO ORDERED.

Dated:   December 2, 2011

_____
UNITED STATES DISTRICT JUDGE

3