IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JUAREZ, et al., </br></br>    Plaintiffs, </br></br>  v. </br></br> JANI-KING OF CALIFORNIA, INC., et al., </br></br>    Defendants. | Case No. 09-03495 SC </br></br> ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C § 1292(b) AND STAYING FURTHER PROCEEDINGS PENDING APPEAL |

Plaintiffs Alejandro Juarez, Maria Juarez, and Maria Portillo (collectively, "Plaintiffs") purchased cleaning service franchises from Defendant Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively, "Defendants"). The cleaning service franchises turned out to be unprofitable, and Plaintiffs subsequently brought this action against Defendants. Among other things, Plaintiffs asserted claims under the California Labor Code, alleging that they were misclassified as franchisees because Defendants exercised such control over them so as to create an employer-employee relationship.

On January 23, 2012, the Court dismissed Plaintiffs' Labor Code claims when it granted in part and denied in part Defendants' motion for summary judgment. ECF No. 168 (Summary Judgment Decision). The Court, relying on the California Court of Appeal's

decision in Cislaw v. Southland Corporation, 4 Cal. App. 4th 1284 (Cal. Ct. App. 1992), held that "[a] franchisee must show that the franchisor exercised 'control beyond that necessary to protect and maintain its interest in its trademark, trade name, and good will' to establish a prima facie case of an employer-employee relationship." Summary Judgment Decision at 8 (quoting Cislaw, 4 Cal. App. 4th at 1296). The Court rejected Plaintiffs' argument that it should apply the test enunciated by the Ninth Circuit in Narayan v. EGL, Inc., 616 F.3d 895, 900 (9th Cir. 2010), reasoning the Narayan test was inapposite in the franchise context. Id. at 9 n.2.

Plaintiffs now move the Court to certify for interlocutory appeal that portion of the Court's Summary Judgment Decision dismissing Plaintiffs' Labor Code claims and to stay further proceedings pending that appeal. ECF No. 176 ("Mot."). Defendants have filed an opposition and Plaintiffs have filed a reply. ECF No. 179 ("Opp'n"), 180 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument.

A district court may certify for appellate review any order that, in the court's opinion, "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). District courts have substantial discretion to decide whether to grant a motion for certification. In re Cal. Title Ins. Antitrust Litig., No. 08-01341 JSW, 2010 U.S. Dist. LEXIS 28923, at *7 (N.D. Cal. Mar. 3, 2010).

The parties agree that the Court's Summary Judgment Decision regarding Plaintiffs' Labor Code claims involves a controlling question of law and that an immediate appeal may materially advance the ultimate termination of the litigation. See Mot. at 2-3, Opp'n at 1. The Court concurs. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). In the instant action, the Court's decision to apply the Cislaw "right-to-control" analysis in the employment classification context is a controlling question of law because it could affect the outcome of the summary decision on Plaintiffs' Labor Code claims. Further, an immediate appeal from the Court's Summary Judgment Decision would "materially advance the ultimate termination of the litigation." If the Ninth Circuit reverses and holds that Plaintiffs' Labor Code claims raise triable issues of fact, the Court can hold a single trial to address all claims at once.

The parties disagree about whether there is substantial ground for difference of opinion regarding the question of law at issue. Having reviewed the papers, the Court finds that there is substantial ground for difference of opinion regarding the application of Cislaw to Plaintiffs' Labor Code claims. As the Court acknowledged in its order denying class certification, the controlling authority on this issue "is not entirely clear." ECF 130 at 22-23. Courts in other states have reached different conclusions as to what test should apply to employment classification claims brought in the franchise context. See Hayes

v. Enmon Enters., LLC, 10-CV-00382-CWR-LRA, 2011 U.S. Dist. LEXIS 66736 (S.D. Miss. June 22, 2011); Awuah v. Coverall N. Am. Inc., 707 F. Supp. 2d 80 (D. Mass. 2010); Coverall N. Am., Inc. v. Division of Unemployment Assistance, 447 Mass. 852 (2006). Further, the Ninth Circuit very recently issued an opinion in Ruiz v. Affinity Logistics Corp., -- F.3d --, 2012 U.S. App. LEXIS 2450, at *9 (9th Cir. Feb. 8, 2012), which may have some bearing on this dispute.

For the foregoing reasons, the Court, in its discretion, GRANTS Plaintiffs' motion for certification pursuant to 28 U.S.C. § 1292(b) and STAYS this matter pending resolution of the interlocutory appeal before the Ninth Circuit. The parties shall update the Court by joint submission within five court days of resolution of the appeal, or every 120 days, whichever is sooner.

IT IS SO ORDERED.

Dated: February 16, 2012

UNITED STATES DISTRICT JUDGE

4