# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEJANDRO JUAREZ, ET AL.,**<br>Plaintiffs,<br>vs.<br>**JANI-KING OF CALIFORNIA, INC., ET AL.,**<br>Defendants. | CASE NO. 09-cv-03495-YGR<br><br>**ORDER RE: CASE MANAGEMENT CONFERENCE**<br>Re: Dkt. No. 229 |

On December 14, 2018, this Court issued an order finding that the California Supreme Court's decision in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) applies retroactively to the instant action and vacated the summary judgment order previously issued in this case. (Dkt. No. 240.) The Court also ordered the parties to meet and confer on defendants' proposed additional discovery and a proposed schedule. (*Id.*)

The Court is in receipt of the parties' joint case management statement wherein they disagree regarding the schedule and the need for any discovery. (Dkt. No. 246.) Relevant here, the *Dynamex* Court expressly adopted the Massachusetts version of the "ABC" test for determining employment status under the California wage orders. Under that test, an employer alleged to have violated the wage orders must prove that: "(A) the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed." 4 Cal. 5th at 957 (emphasis in original). If the employer is not able to establish *all three* prongs of the test, the worker is an employee. *Id*. This is the test that applies to determine whether plaintiffs and the putative class in this case are employees or independent

1 contractors.

2     Defendants claim to need additional discovery to address prongs (B) and (C) of the ABC test. However, their filings with the Court suggest that these topics were previously the subject of discovery. (*See* Docket No. 233 at 7–8.) By definition, the facts from many years ago have not changed, nor are they unknown; the only issue is how they are to be applied under the *Dynamex* standard. Accordingly, the Court is not inclined to reopen discovery.

    That said, all parties shall supplement any prior discovery requests by no later than **Friday, February 22, 2019.** Further, the Court will allow either party to petition the Court to authorize specific discovery. In this regard, the party must provide the Court with the actual request(s) and explain (i) why the information could not be or was not previously requested, and (ii) the goal of obtaining such information. Such a petition must be filed no later than **Wednesday, February 27, 2019.**

    The case management conference scheduled for February 6, 2019 at 2:00 p.m. **is CONTINUED** to **Monday, March 4, 2019** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland, California in Courtroom 1. Accordingly, the parties' request to continue the same to February 14 or 19, 2019, (Dkt. No. 247), is **DENIED AS MOOT**.

    This Order terminates Docket Number 247.

**IT IS SO ORDERED.**

Dated: January 31, 2019

                                               **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**