# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEJANDRO JUAREZ, ET AL.,** | CASE NO. 09-cv-03495-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING MOTION FOR LEAVE TO AMEND** |
| **JANI-KING OF CALIFORNIA, INC., ET AL.,** | Re: Dkt. Nos. 260, 271 |
| Defendants. | |

Pending before the Court is plaintiffs Alejandro and Maria Juarez's motion for leave to amend to add Emilio Montero and Jose Chavez as named plaintiffs in this action. (Dkt. No. 260 ("Motion").)[1] Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** plaintiffs' motion for leave to amend.[2]

**I. BACKGROUND**

**A. Factual Allegations**

The facts of this case have been set forth in detail in prior orders. (*See, e.g.*, Dkt. Nos. 130, 168.) As a brief summary, the complaint alleges as follows:

Defendants Jani-King of California, Inc., Jani-King, Inc., and Jani-King International, Inc. provide cleaning and janitorial services to commercial clients throughout California. (Dkt. No. 32 ("FAC") ¶ 16.) Defendants' business model involves selling franchises to individuals who

---

[1] On June 14, 2019, while this motion was pending, the parties filed a joint stipulation dismissing plaintiff Maria Portillo with prejudice. (Dkt. No. 270.)

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument. Accordingly, the June 25, 2019 hearing on plaintiffs' motion for leave to amend is **VACATED**, and the parties' stipulation and administrative motion to reschedule the hearing (Dkt. No. 271) is **DENIED** as moot.

perform janitorial work for Jani-King's commercial clients. (*Id.* ¶ 20.) In 2005, after spending several years performing janitorial services for defendants, plaintiffs purchased a Jani-King franchise. (*Id.* ¶¶ 70-71, 76.) Plaintiffs allege, among other things, that defendants' franchise system was a "scheme" used to misclassify low-wage janitors as "independent contractors" or "franchisees" in order to avoid compliance with state wage and hour laws. (*Id.* ¶¶ 2-3, 193-220.)

### B. Procedural History

Plaintiffs commenced this action in California state court on June 22, 2009. (Dkt. No. 1-1.) After removal to federal court, plaintiffs filed an amended complaint on November 4, 2009, alleging fourteen causes of action arising out of defendants' practice of selling franchises to individuals who then performed cleaning services for clients. Defendants filed an answer on December 4, 2009. (Dkt. No. 35.)

On March 4, 2011, Judge Samuel Conti, who was then-presiding over this case, issued an order denying plaintiffs' motion for class certification. (Dkt. No. 130.) Thereafter, on January 23, 2012, Judge Conti granted in part and denied in part defendants' motion for summary judgment on plaintiffs' individual claims and denied defendants' motion for partial summary judgment on defendants' counterclaims. (Dkt. No. 168.) The parties subsequently agreed to settle all remaining claims. On November 28, 2012, the Court entered the parties' stipulation and order dismissing the remaining claims and counterclaims with prejudice and on the merits. (Dkt. No. 196.) The settlement preserved plaintiffs' right to appeal the summary judgment and class certification orders. (*Id.*) Further, as part of the settlement, plaintiffs apparently agreed to terminate their franchises. (Dkt. No. 267 ("Opp.") at 3.)

On December 14, 2012, plaintiffs filed a notice of appeal to the Ninth Circuit. (Dkt. No. 198.) On February 3, 2015, after briefing had been completed, the Ninth Circuit vacated the scheduled oral argument and stayed further proceedings in light of the California Supreme Court's decision to grant review in *Dynamex Operations West v. S.C. (Lee)*, 230 Cal. App. 4th 718 (2014). *Juarez v. Jani-King*, No. 12-17759 (9th Cir. Feb. 3, 2015). On July 19, 2018, the Ninth Circuit remanded this case for further proceedings in light of the court's decision in *Dynamex*. (Dkt. Nos. 207, 208.)

Since remand, almost one year ago, on July 19, 2018, plaintiffs have taken the position that "[f]ulsome discovery was conducted in this case" and they "d[id] not anticipate needing any additional discovery in advance of filing their motion to vacate the summary judgment order and a renewed motion for class certification." (Dkt. No. 215 at 13; *see also* Dkt. No. 241 at 21:12-18 ("We did very fulsome discovery in this case. They took depositions of the plaintiffs. We had extensive document production. . . . It's our position that there is no discovery that would need to take place in order for us to move forward.").) Plaintiffs indicated their readiness to proceed immediately with briefing on dispositive motions. (Dkt. No. 241 at 18:17-24.)

On December 14, 2018, this Court vacated the prior summary judgment order. (Dkt. No. 240.) The Court subsequently directed the parties to supplement their prior discovery requests and allowed the parties to petition the Court to authorize specific discovery. (Dkt. No. 248 at 2.) In doing so, however, the Court noted that "the facts from many years ago have not changed, nor are they unknown; the only issue is how they are to be applied under the *Dynamex* standard. Accordingly, the Court [was] not inclined to reopen discovery." (*Id*.)

Nonetheless, on February 27, 2019, defendants petitioned for additional discovery, including an update of plaintiffs' responses for the period from 2011 through the present. (Dkt. No. 250.) In response, plaintiffs argued that defendants *were not* entitled to post-2012 discovery. (Dkt. No. 251.) Plaintiffs further argued that "[t]o the extent [] Jani-King is arguing that former franchisees cannot represent current franchisees, this argument has been rejected by many courts," but noted that "if the Court believes that adding an additional lead plaintiff who is a current franchisee is necessary, Plaintiffs [were] prepared to do so[.]" (*Id*. at 3, n.1.)

In their March 4, 2019 case management conference statement, plaintiffs again insisted that they did not anticipate needing discovery in advance of filing their dispositive motions. (Dkt. No. 252 at 11.) Plaintiffs urged the Court to "reject Jani-King's attempt to further delay this nearly decade-old case by reopening discovery that has [] already been completed[.]" (*Id*. at 12.) Plaintiffs also represented that "[n]o further amendment of pleadings [wa]s [] anticipated." (*Id*. at 10.) Over plaintiffs' objections, the Court authorized a limited discovery period of two months, ending May 3, 2019. (Dkt. No. 253.) Further, at the case management conference, the

Court inquired as to whether plaintiffs, whose franchises ended in 2012, would be adequate representatives for a class period extending beyond 2012. (Dkt. No. 256 at 5:16-22.) Plaintiffs' counsel stated that she did not believe there to be any adequacy issue as to the named plaintiffs. (*Id.* at 5:23-6:15.)[3] Two and a half months later, on May 21, 2019, after the close of discovery and on the eve of briefing on the merits, plaintiffs filed the instant motion seeking leave to amend to add two new named plaintiffs.[4]

## II. LEGAL STANDARD

As an initial matter, the parties disagree as to whether plaintiffs' motion for leave to amend should be evaluated under Federal Rule of Civil Procedure 15(a) (Amendments before Trial) or Federal Rule of Civil Procedure 16(b) (Modifying a Case Schedule). Rule 15(a) generally governs when parties may amend the pleadings. Rule 16(b) governs amendments that would alter the Court's pretrial schedule.

Defendants aver that because the motion to amend, if granted, would result in a change to the Court's scheduling order, Rule 16 applies. (Opp. at 5.) Plaintiff counters that Rule 16 only applies when a court has entered a scheduling order that sets a deadline for amendments to the pleadings. (Dkt. No 268 ("Reply") at 2.) According to plaintiffs, because the Court's scheduling orders in this case have not set such a deadline, Rule 15 applies. (*Id.*)

The Court notes that the case law regarding the governing standard in a case like this one appears somewhat mixed. At least one court in this district has applied Rule 16(b) absent a scheduling order setting a deadline for amending pleadings and was affirmed by the Ninth Circuit. *See Design Data Corp. v. Unigate Enter., Inc.*, No. 12-CV-04131-WHO, 2014 WL 4477244, at *2 (N.D. Cal. Sept. 11, 2014), *aff'd*, 847 F.3d 1169 (9th Cir. 2017) (although the court had not issued

---

[3] At the hearing, plaintiffs' counsel stated that there was "no dispute" that plaintiffs "no longer had any accounts for Jani-King as of [2011]." (Dkt. No. 256 at 4:12-15.) However, defendants' opposition states, and plaintiffs do not contest, that named plaintiffs stopped working for Jani-King in 2012, when the parties entered into a settlement as to the remaining claims and counterclaims. As such, for purposes of this motion, the Court takes as true that named plaintiffs were no longer Jani-King franchisees as of the date of settlement in 2012.

[4] On May 24, 2019, plaintiffs filed an administrative motion to modify the case schedule in light of their pending motion for leave to amend. (Dkt. No. 263.) The Court suspended all briefing pending its resolution of the motion. (Dkt. No. 265.)

a scheduling order setting a deadline for amendment to the pleadings, Rule 16(b) applied "[g]iven that the timing of [defendant]'s motion to amend would upend the trial schedule"). However, in the majority of cases, courts have stated that Rule 16(b) controls only after "the district court [] file[s] a pretrial scheduling order pursuant to [Rule] 16 which establish[s] a timetable for amending pleadings[.]" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–608 (9th Cir. 1992); *see also Felarca v. Birgeneau*, No. 11-CV-05719-YGR, 2016 WL 730069, at *2 (N.D. Cal. Feb. 24, 2016) ("Because the Court established a deadline for amending the pleadings, Rule 16 governs any amendments to the complaint."); *Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH, 2013 WL 6140730, at *1 (N.D. Cal. Nov. 21, 2013) (where "no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order, . . . the applicable standard is provided by Rule 15(a)").

Nevertheless, the Court need not resolve any inconsistencies regarding the applicable standard because, as explained herein, plaintiffs are not entitled to amendment even under Rule 15's more liberal standard.

Under Federal Rule of Civil Procedure 15(a)(2), courts are to grant leave to amend "when justice so requires." The rule is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Generally, a court should apply the rule with "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The Court weighs the following factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

Plaintiffs seek leave to add Emilio Montero and Jose Chavez as named plaintiffs. Plaintiffs allege that Mr. Chavez purchased a Jani-King franchise on April 26, 1990 and has purchased additional "accounts," seeking permission to clean for Jani-King clients, since then. (Dkt. No. 260-1 at ¶¶ 106-107.) Unlike plaintiffs, Mr. Chavez is still a franchisee. (*Id.*) Similarly, plaintiffs allege that Mr. Montero previously purchased a Jani-King franchise and continues to clean for Jani-King clients today. (*Id.* at ¶¶ 113-114.)

Defendants contend that amendment should be denied because (1) plaintiff unduly delayed by waiting until now to move to amend the complaint, and (2) defendants would be prejudiced by the amendment. The Court considers each of these factors in turn.[5]

### A. Undue Delay

The Court first examines whether defendants have demonstrated undue delay in plaintiffs seeking leave to amend. "Although delay is not a dispositive factor in the amendment analysis, it is relevant, . . . especially when no reason is given for the delay[.]" *Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (internal citations omitted). Further, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, in order to determine whether there was undue delay, the Court must first resolve the threshold question of when plaintiffs should have known about the potential adequacy issue that gave rise to their motion for leave to amend. Defendants argue that plaintiffs have known that there were adequacy issues with their named plaintiffs since Judge Conti's 2011 order denying class certification. (Opp. at 9.) Plaintiffs counter that they "developed th[e] approach" of adding named plaintiffs "so that the proposed class w[ould] have adequate class representatives who span the proposed class period" only after hearing defendants' and the Court's remarks at the March 4 case management conference. (Motion at 11.)

---

[5] Defendants do not contend that plaintiff acted in bad faith or that the amendment would be futile, and thus, the Court does not consider these issues here.

The Court disagrees with defendants that plaintiffs should have been aware of the adequacy issue that gave rise to this motion when Judge Conti denied class certification in 2011. At the time, named plaintiffs had not yet terminated their franchises, and thus, there would be no reason for plaintiffs to think that they would not be franchisees throughout the class period. Moreover, Judge Conti's order identified a *specific* adequacy issue, namely, that named plaintiffs allegedly owned businesses that competed with Jani-King. (Dkt. No. 130 at 16.) That issue is wholly unrelated to the adequacy issue that forms the basis of plaintiff's motion for leave to amend, which is that named plaintiffs terminated their franchises several years before the end of the proposed class period.

Moreover, just three weeks after Judge Conti entered the parties' settlement of all remaining claims and counterclaims, which involved the plaintiffs terminating their franchises, plaintiffs filed their notice of appeal to the Ninth Circuit. While the case was on appeal, plaintiffs had no reason or opportunity to add new plaintiffs. *See Sidibe v. Sutter Health*, No. 12-CV-04854-LB, 2017 WL 4310711, at *3 (N.D. Cal. Sept. 28, 2017) (noting that delay from appeal "is not undue delay"); *see also Bower v. Bunker Hill Co.*, 114 F.R.D. 587, 590 (E.D. Wash. 1986) ("[A] substantial portion of the expired time is attributable to . . . an appeal to the Ninth Circuit which ultimately resulted in an Order of Remand to this court. The fact of delay here without more is entitled to little weight."). Thus, the passage of time during the pendency of appeal, without more, does not contribute to a finding of undue delay.

However, once the case was remanded on July 19, 2018, or at the very least, once the Court vacated the prior summary judgment order on December 14, 2018, plaintiffs could have—and if they believed it beneficial to their case, should have—sought leave to amend to add current franchisees as named plaintiffs.[6] Plaintiffs failed to do so. To the contrary, between August 29,

---

[6] Plaintiffs argue that after the case was remanded, the parties were engaged in motion practice on issues that were "only recently resolved." (Reply at 5.) The Court disagrees. Since remand, the parties' motion practice has focused on whether *Dynamex* applies to this case. The resolution of this *merits* issue had little if any bearing on the *class certification* issue of whether the named plaintiffs could adequately represent the class for the entire class period. Further, the parties have not engaged in any substantive motion practice since plaintiffs' motion to vacate the summary judgment order, which was resolved more than six months before plaintiffs filed this motion seeking leave to amend.

7

2018 and March 4, 2019, plaintiffs represented on ***numerous*** occasions that they did not anticipate needing additional discovery or seeking amendment. (*See, e.g.,* Dkt. No. 215 at 13 ("Plaintiffs do not anticipate needing any additional discovery . . . ."); Dkt. No. 224 at 14:5-6 ("And the plaintiffs, astonishingly, believe that no [] discovery is necessary on the merits."); Dkt. No. 241 at 21:17-18 ("It's our position that there is no discovery that would need to take place in order for us to move forward."); Dkt. No. 251 at 3 ("To the extent [] Jani-King is arguing that former franchisees cannot represent current franchisees, this argument has been rejected by many courts."); Dkt. No. 252 at 10 ("No further amendment of pleadings is currently anticipated."); Dkt. No. 256 at 5:23-6:3 ("We do not believe there will be any issue . . . because as far as we know and understand . . . plaintiffs continue to be, in our view, adequate representatives[.]").

Further, plaintiffs' contention that they became aware of the need to add named plaintiffs only after the March 4 case management conference does not persuade. The case had been pending for months prior to the conference. Further, when the Court inquired about the potential adequacy issue at the conference, even proposing that plaintiffs might need subclasses to cover the span of the class period, plaintiffs' counsel stated that they believed there was no such issue. (Dkt. No. 256 at 5:23-6:15.) Had plaintiffs notified the Court at the case management conference of the possibility that they might seek leave to amend, the Court might have been willing to grant such a motion. However, plaintiffs did not raise this possibility. Instead, they allowed the discovery cutoff to pass and the parties to begin merits briefing. The record is devoid of any reason for the delay.

Accordingly, the Court finds that plaintiffs were unduly delayed in seeking leave to amend, which weighs against granting leave to amend in this case.

**B. Prejudice**

Next, the Court considers whether defendants have established that they would suffer prejudice as a result of the amendment. "Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotations and citations omitted). A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties may be indicators of prejudice. *See Zivkovic v. S. Cal. Edison*

*Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where amendments would have required additional discovery and delayed proceedings); *Solomon v. N. Am. Life and Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline . . . [and] would have required re-opening discovery, thus delaying the proceedings").

Here, defendants argue that they would be prejudiced if plaintiffs were permitted to amend the complaint to add new plaintiffs at this late stage in the proceedings, after a second round of discovery has been completed and just prior to the parties filing dispositive motions. (Opp. at 7-8.) Plaintiffs counter that the amendment would not prejudice defendants because it would require minimal discovery and would not significantly delay the current schedule. (Reply at 5-6.)

As to discovery, the Court notes that there is some disagreement between the parties regarding how much additional discovery would be required with the addition of the two new named plaintiffs. While defendants suggest that the additional discovery may be significant, noting that adding new plaintiffs would "interject a host of new factual and legal issues pertaining to class certification" (Opp. at 8), plaintiffs contend that defendants "already ha[ve] all information and data relating to Mr. Montero's and Mr. Chavez's work for Jani-King" (Motion at 8).[7] Plaintiffs, however, appear to concede that the amendment would require at least *some* additional discovery, including depositions of the new named plaintiffs. (Motion at 10.) Moreover, enlarging the relevant time period for plaintiffs' claims by ***seven years***, as the amendment would do, is no minor change. Rather, it is likely that, even with plaintiffs' full cooperation, the amendment would require written discovery, supplementing of expert reports, and

---

[7] At the March 4 case management conference, when the Court agreed to a limited reopening of discovery, the Court advised that defendants were entitled to "an extra year or two" of discovery, but not discovery as to the full seven years from 2012 to the present. (Dkt. No. 256 at 16:17-21.) The Court noted that such discovery would be "onerous" and "intrusive." (*Id*. at 16:21-25.) Therefore, unless plaintiffs provided defendants with *more* discovery than was ordered, the Court is skeptical that defendants have "all information and data" they would need regarding the expanded class period.

9

consequently, result in substantial cost and delay.

As to its impact on the case schedule, while delay alone generally does not justify denial of a motion for leave to amend, "undue delay that causes prejudice to the opposing party favors denial." *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 4198797, at *1 (N.D. Cal. July 10, 2015). Here, plaintiffs argue that the current schedule would not be "significantly delayed" by the amendment even though they concede at least six to eight weeks. (Reply at 6.) The Court doubts, given the request, that only six to eight weeks is at issue. Continuing to delay resolution when this case has been pending for over ten years and discovery has already closed for a second time is substantial. *See Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008) ("Because the originally named defendants could be prejudiced by yet another delay and because of the length of time this case has been pending, the court exercises its discretion in denying plaintiff's motion to add defendants or a separate claim."); *Call v. Badgley*, No. 15-CV-03353-HSG, 2017 WL 2214960, at *3 (N.D. Cal. May 19, 2017) (denying motion for leave to amend "at [] late stage of the proceedings" where fact and expert discovery had closed and pretrial conference was three weeks away).[8] Even the current posture concerns the Court. Memories fade. If there is a trial in this case, over a decade will have passed since the original filing of the complaint.

As the Ninth Circuit has recognized, "[d]isruption to the schedule of the court . . . is not harmless." *Wong v. Regents of the Univ. of California,* 410 F.3d 1052, 1062 (9th Cir. 2005). For this reason, the Ninth Circuit has repeatedly affirmed orders denying motions for leave to amend where granting such motions would have necessitated the reopening of discovery and a delay in proceedings. *See, e.g., Lockheed Martin,* 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Solomon,* 151 F.3d at 1139 (holding motion to amend was properly denied where granting motion "would have required re-opening discovery, thus delaying

---

[8] Plaintiffs' filing of the motion for leave to amend has already delayed the case schedule, as the Court had to suspend all briefing on dispositive motions pending resolution of the motion. (*See* Dkt. Nos. 263, 265.)

10

the proceedings"). Similarly, here, further alteration of current schedule would prejudice defendants by causing additional delay in a long-pending case where discovery is closed.[9]

Thus, the Court finds that defendants have met their burden of establishing that they would suffer prejudice if plaintiffs were granted leave to amend, further weighing in favor of denial of plaintiffs' motion.[10]

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion for leave to amend.

This Order terminates Docket Number 260.

**IT IS SO ORDERED.**

Dated: June 20, 2019

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**

---

[9] Plaintiffs' reliance on *Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2017 WL 6611653 (N.D. Cal. Dec. 27, 2017), in which this Court permitted amendment to add new plaintiffs at the same time as it granted in part class certification, does not persuade. In *Buchanan*, unlike here, defendants did not even argue that adding the proposed new plaintiffs would result in prejudice. *Id.* at *6. Moreover, the amendment in *Buchanan* would have required limited additional discovery (*id.*), whereas here, the addition of new plaintiffs would expand the relevant time period such that additional discovery would be burdensome.

[10] Plaintiffs aver that in the event amendment is denied, Mr. Chavez and Mr. Montero may proceed with separate litigation, thereby resulting in duplication and inefficiency. (Reply at 6.) This risk, while real, cannot overcome the delay and prejudice that would result from amendment at this stage in the proceedings.