# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEJANDRO JUAREZ, ET AL.,** | CASE NO. 09-cv-03495-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING MOTION FOR A STAY** |
| **JANI-KING OF CALIFORNIA, INC., ET AL.,** | Re: Dkt. No. 288 |
| Defendants. | |

Pending before the Court is defendants' Motion to Stay Proceedings Pending Decision of the California Supreme Court. (Dkt. No. 288.) Having read and considered the filings on the motion, and for good cause showing, the motion is **DENIED.**[1]

Federal courts have broad, inherent authority to stay their own proceedings pending the resolution of another matter, when the resolution of that other matter could affect the case before the court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Mediterranean Ents., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (citation omitted). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*,

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this decision appropriate without a hearing.

299 U.S. at 255. Indeed, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*.

In determining whether a stay is appropriate, the district court must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the defendants' motion is based on their contention that the litigation should be stayed in anticipation of the California Supreme Court ruling on an anticipated certification from the Ninth Circuit regarding the retroactivity of the rule established in *Dynamax Ops. W., Inc. v. Superior Court*, 4 Cal. 5th 903 (Cal. 2018).

The harm to plaintiffs is obvious. This case is over ten years old. Memories have and are fading. Evidence is becoming more and more stale. Delay only serves the defendants. The only harms to which defendants point are those associated with every litigation, which is insufficient to support a request for a stay. *See Meyer v. Bebe Stores, Inc*., No. 14-CV-00267-YGR, 2015 WL 1223658, at *4 (N.D. Cal. Mar. 17, 2015) ("[D]efendant would suffer no specific hardship other than the typical costs of litigation should this case proceed in conjunction with the pendency of the *Sensia* Petition."); *Glick v. Performant Fin. Corp.*, No. 16-CV-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant has not clearly established that it would face hardship or inequity if required to move forward. The fact that waiting for the outcome of the appeals and Petition might save Defendant the costs of further litigation does not satisfy this requirement."). Moreover, the Supreme Court has cautioned that "if there is even a fair possibility that the stay . . . will work damage to some one else"—which, as discussed above, is the case here—the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

Further, the Ninth Circuit has not even certified the question, much less the California Supreme Court accepted review. The Court will proceed under the current state of the law.

2

Defendants have not carried their burden here. Thus, in considering all three factors addressed by the parties, the motion is **DENIED**.

Briefing shall continue pursuant to the schedule set forth in Docket No. 294.

This Order terminates Docket No. 288.

**IT IS SO ORDERED.**

Dated: September 13, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**